## HELEN HILTON *vs.* CITY OF BOSTON.

Suffolk.   January 11, 1898. — June 24, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Due Care — Instructions — Defect in Sidewalk.*

Where, in an action for personal injuries occasioned to the plaintiff by an alleged
defect in the sidewalk of a street in the defendant city, the only question, which
is whether the plaintiff was in the exercise of due care if he was walking as he
usually walked, looking straight ahead, on an icy sidewalk after dark, is sub-
mitted to the jury under instructions not objected to, due care being defined to
be "that kind and degree of care which a person of ordinary prudence and care
would exercise in the same place, and under the same circumstances, and at the
same time," and the jury being also told that "due care depends upon the
time, the place, the circumstances, the situation, and everything that may rea-
sonably enter into the transaction and the proper determination of such a
question as that," the judge is not bound to give a request that "if you find
that the plaintiff received the injuries complained of by reason of the defective
condition of the highway in question, and if, in consideration of the circum-
stances attending the accident and the testimony offered in this case, you find
no evidence of fault on his part, then from the mere absence of such evidence
you may infer that he was, at the time he received the injuries complained of,
in the exercise of due care."

TORT, for personal injuries occasioned to the plaintiff, by
reason of an alleged defect in the sidewalk of a street in the
defendant city.   At the trial in the Superior Court, before
*Richardson,* J., the jury returned a verdict for the defendant;
and the plaintiff alleged exceptions, which appear in the opinion.

*W. H. Baker,* for the plaintiff.

*F. E. Hurd,* for the defendant.

LATHROP, J.   On December 11, 1894, at six o'clock in the
evening, the plaintiff fell upon a sidewalk, and was injured.
The testimony introduced on the part of the plaintiff, on the
question of her due care, tended to show "that just before she
fell she was walking as she usually walked, and was looking
straight ahead towards Park Street, the direction in which she
was going."   On the question whether there was a defect in
the street, the evidence tended to show that there had been a
snowstorm two days before the accident, and it was in dispute

whether the sidewalk had been cleared, or whether a ridge of hard snow remained in the centre.

The plaintiff made several requests for instructions, the fourth of which was the only one insisted upon at the argument, and it only need be considered. No exception was taken to any portion of the charge. The fourth request is as follows: "If you find that the plaintiff received the injuries complained of by reason of the defective condition of the highway in question, and if, in consideration of the circumstances attending the accident and the testimony offered in this case, you find no evidence of fault on her part, then from the mere absence of such evidence you may infer that she was, at the time she received the injuries complained of, in the exercise of due care."

It is a well settled rule in this Commonwealth, that, in order to recover for an injury on the ground of the negligence of another, the burden is upon the plaintiff to prove two propositions, first, that he was in the exercise of due care, and, secondly, that the defendant was negligent. These are two distinct propositions, and the jury must be satisfied affirmatively that the plaintiff has proved each. There are many cases in our reports in which, although there was evidence competent for the consideration of the jury of the defendant's negligence, a verdict has been ordered for the defendant, on the ground that the evidence did not show due care on the part of the plaintiff. These cases are so numerous that we content ourselves with citing two of them. *Tully* v. *Fitchburg Railroad,* 134 Mass. 499. *Chase* v. *Maine Central Railroad,* 167 Mass. 383.

The contention of the plaintiff, that, if negligence on the part of a town or city is proved, less evidence is required to show care on the part of a person injured, is founded upon a doctrine which no longer exists. It was formerly considered that, in an action against a town for a defect in a way, it was unnecessary to allege that the plaintiff was in the exercise of due care. *May* v. *Princeton,* 11 Met. 442. Negligence on the part of the town was the gist of the action, and this was the main thing to be proved. The plaintiff put in evidence of his own care to negative his own negligence. As is said by Chief Justice Shaw, in the case last cited: "When a traveller on the highway has broken down, it is obvious that this may be attributed to

either one of two causes, viz. his own negligence, or the defect in the highway. Proof, which negatives the one, tends to establish the other, as the true and sole cause.".

But, since the practice act of 1851, the schedule of forms in an action against a town for a defect in the highway contains an allegation of due care on the part of the plaintiff. St. 1851, c. 233. St. 1852, c. 312. Gen. Sts. c. 129. Pub. Sts. c. 167. And the Commissioners on the statute of 1851, in their note to the form in such a case, refer to *May* v. *Princeton*.

While negligence on the part of the town is the gist of the action, the plaintiff must, since the statute of 1851, prove as an affirmative proposition the exercise of due care on his part.

In several cases, where the question has been whether there was evidence for the jury, it has been said that, while the burden of proof is on the plaintiff to show that he was in the exercise of due care, such care need not be proved by directly affirmative evidence ; but if all the circumstances under which the injury was received were proved, and the evidence excluded fault on the part of the plaintiff, and there was nothing in the conduct of the plaintiff, either of acts or of neglect, to which the injury might be attributed in whole or in part, due care might be inferred from the absence of all appearance of fault. *Mayo* v. *Boston & Maine Railroad*, 104 Mass. 137, 140. *Prentiss* v. *Boston*, 112 Mass. 43, 47. *Hinckley* v. *Cape Cod Railroad*, 120 Mass. 257, 262. *Smith* v. *Boston Gas Light Co.* 129 Mass. 318. *Peverley* v. *Boston*, 136 Mass. 366. *Gaffney* v. *Brown*, 150 Mass. 479, 481.

While the request before us may have stated correctly an abstract proposition of law, if we omit the coupling with it of the proposition relating to the finding of a defect, we are of opinion that the judge who presided in the court below was not bound to give it. It was not applicable to the case. The evidence was direct and does not appear to have been contradicted as to the way the plaintiff was walking. The only question was whether the plaintiff was in the exercise of due care, if she was walking as she usually walked, looking straight ahead, on an icy sidewalk after dark. This question was submitted to the jury under instructions not objected to. Due care was defined to be " that kind and degree of care which a

person of ordinary prudence and care would exercise in the same place, and under the same circumstances, and at the same time." The jury were also told that " due care depends upon the time, the place, the circumstances, the situation, and everything that may reasonably enter into the transaction and the proper determination of such a question as that." We think this was all that was required.

But if this is not so, still we are of opinion that the judge was not bound to give the instruction requested. This called upon the jury first to determine whether there was a defect in the highway, and then to infer from that and the attendant circumstances that there was no fault on the part of the plaintiff. It was within the province of the jury to find for the defendant, if, on the testimony and the attendant circumstances they found that the plaintiff was not in the exercise of due care, without passing upon the question whether there was a defect in the highway.

<em>Exceptions overruled.</em>