## SCIALO v. STEFFENS.

(Supreme Court, Appellate Division, First Department. June 23, 1905.)

1. SERVANT'S INJURIES—LABOR LAW—FAILURE TO GUARD MACHINERY.

Labor Law, § 81 (Laws 1897, p. 480, c. 415), requiring all shafting to be properly guarded, does not apply to shafting located eight feet above the floor.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 228–230.]

2. SAME—EMPLOYMENT.

Labor Law, § 81 (Laws 1897, p. 480, c. 415), providing that no person under 18 years of age shall be permitted or directed to clean machinery while in motion, was not violated where a boy of 16 years was called upon to hold a belt while repairs were being made to it; it appearing that he was in a safe place while doing so.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 141.]

94 N.Y.S.—20

**3. SAME—NEGLIGENCE—FAILURE TO GUARD MACHINERY.**

Where a servant was holding one end of a belt, three or four feet below a revolving shaft (he being, with others, engaged in repairing the belt), and the belt was suddenly drawn about the shaft, causing an injury to the servant (the shaft being eight feet above the floor), the master was not guilty of negligence in having failed to guard the shaft.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 228–230.]

**4. SAME—CONTRIBUTORY NEGLIGENCE—PRESUMPTIONS.**

In an action for injuries from negligence, where there is neither direct nor circumstantial evidence on the question of contributory negligence, plaintiff cannot recover without some affirmative evidence showing absence of contributory negligence.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 221, 229–232.]

Appeal from Trial Term, New York County.

Action by Vincenzo Scialo, as administrator of the estate of Antonio Scialo, deceased, against Emil Steffens. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

F. V. Johnson, for appellant.
A. J. Elrod, for respondent.

PATTERSON, J. The defendant appeals from a judgment entered upon the verdict of a jury in favor of the plaintiff, and from an order denying a motion for a new trial, in an action brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant.

The decedent was a lad of about 16 years of age, who had been in the employ of the defendant for about six weeks prior to the happening of the accident out of which this action arises. It appears in evidence that Antonio Scialo, the intestate, was, during the time of his employment, engaged in work of a general character, such as washing presses, sweeping the floor, and sitting behind a bronzing machine in the workshop of the defendant. In that shop there was machinery operated by electricity. There was shafting through the shop, and belts were attached to that shafting. On the day of the accident the machinery on the fourth floor, on which the accident happened, was being operated by means of a belt which connected the shafting with a motor on the third floor, and there were belts running over the shafting to several machines. While the shafting was in motion, the defendant's foreman attempted to repair a belt used to connect a machine on the floor with a revolving shaft overhead. The foreman and one Thomas Gavigan, an employé of the defendant, were engaged in that work; but, being unable to repair the belt without more assistance, the foreman sent for the plaintiff's intestate for additional aid. The belt was not working over a pulley, but was detached therefrom. Gavigan held the belt below—that is, on the floor—and the plaintiff's intestate was on a stepladder three or four feet below the shaft, holding the

belt in his hands. The belt did not touch the shaft, nor the pulley on the shaft. While the three persons were thus situated, and before the repairs to the belt were completed, it was suddenly drawn from the hands of the foreman and Gavigan, and the plaintiff's intestate was in some manner caught by the shaft, and was seen revolving with it. The machinery was stopped, and it was found that the plaintiff's intestate sustained injuries from which he died a few hours afterwards.

There is nothing in the evidence to show how this accident occurred. There was only one witness examined on the trial by either party, and that was the boy Gavigan. Upon his testimony, we are unable to discover evidence of negligence on the part of the defendant. It is claimed that the shafting should have been guarded in accordance with the requirement of section 81 of the labor law (Laws 1897, p. 480, c. 415), and that its not being guarded is evidence of negligence. That section provides that:

"Whenever practicable, all machinery shall be provided with loose pulleys. All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of other description, shall be properly guarded."

This shafting was located about eight feet above the floor, and it has been held that as to shafting or machinery thus located the provision of the labor law does not apply. Dillon v. National Coal Tar Co., 181 N. Y. 215, 73 N. E. 978; Glens Falls Portland Cement Co. v. Travellers' Ins. Co., 162 N. Y. 399, 56 N. E. 897. Negligence is not to be imputed, as matter of law, therefore, because the shafting was not guarded, but it might be a question of fact whether such machinery should have been guarded or protected. Glens Falls Portland Cement Co. v. Travellers' Ins. Co., supra. There was no evidence, however, in this case which would have authorized the submission of such a question of fact to the jury, for all we have upon the subject is the statement of the witness Gavigan that there was no danger whatever to the decedent in the situation in which he was placed at the time the accident occurred. That witness, in a statement he made which appears in the record in connection with his examination, said:

"I often did the same work he was doing. There is absolutely no danger attached to it. * * * I made this statement that there was no danger about this work, to the effect that there was no danger and that the accident could not have happened unless he put his hands where they ought not to be, based upon my own experience in doing this kind of work. That is, as far as my experience is concerned, I thought there was not at the time."

Nor was there evidence to sustain the claim that, under the section of the labor law cited, the defendant was guilty of negligence because he employed a lad less than 16 years of age in operating machinery. This lad was not employed to operate machinery. He was merely called upon to hold the belt while repairs were being made to it, and the only evidence we have upon the subject is that he was in a safe place while doing so.

But further than this, the case is destitute of proof which would allow the inference that the intestate was free from contributory negligence. No one can know how this accident occurred, or how

the lad became entangled in the machinery. It is just as much inferable that it was through his own carelessness as from any other cause. He had on former occasions assisted in doing the same work in the same manner. He therefore knew all the existing conditions. The witness Gavigan says, in the statement to which reference has been made, that the only way in which he could account for the accident is that the plaintiff's intestate "let go the belt, and, seeing it was slipping, he tried to recover it, and went around the shaft." But no weight should be given to that mere conjecture of the witness. Nevertheless it remains that neither the work itself, if carefully done, nor the place in which it was done, was dangerous. Under such circumstances, the rule must be applied that in an action to recover damages for the death of a plaintiff's intestate, alleged to have been caused by defendant's negligence, when there is neither direct nor circumstantial evidence which points either to the presence or absence of contributory negligence, the plaintiff cannot recover without some affirmative evidence to show that the decedent was not guilty of contributory negligence. Such was the rule announced in Wieland v. Delaware & Hudson Canal Co., 167 N. Y. 19, 60 N. E. 234, 82 Am. St. Rep. 707, and Wiwirowski v. L. S. & M. S. Ry. Co., 124 N. Y. 420, 26 N. E. 1023. The language of the court in the case first cited is appropriate to that at bar:

"Our conclusion herein may be briefly summarized in the statement that to permit the submission of such a case as this to a jury, upon the question of decedent's contributory negligence, would result, not merely in the extension of a rule which has already been stretched to the utmost degree, but in the abrogation of the rule itself."

This case should not have been submitted to the jury, and the motion for a nonsuit should have been granted. The judgment and order should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.