WILLIAM WYNKOOP, Respondent, *v.* THE LUDLOW VALVE
MANUFACTURING COMPANY, Appellant.

Labor Law — construction of provision requiring that "machinery of every description," in factories, should be guarded — accident from a necessary and obvious danger.

The purpose of the Labor Law, in directing that certain appliances therein named and "machinery of every description," in factories, should be guarded, is to protect employees from unnecessary and hidden dangers. Where, however, danger to employees does not exist or is not to be reasonably expected it is not necessary, under the statute, for employers to guard even the machines or appliances enumerated therein.

A rail, or track, upon which run the wheels of a truck carrying a travel-ing crane, was elevated two and a half to three feet above the floor of a gallery, running around a factory, upon which gallery lathes and other machines were situated, and so placed that employees were not required to work upon it or about it. Plaintiff, while looking for a tool, with which to carry on his work, fell and in falling put his hand upon the track just as the wheel of the crane truck was passing, so that his fingers were cut off by the wheel. The rail was not guarded and there is no evidence to show that it was practical to guard it or that such a track is now or ever has been guarded in any similar or other factory. There was no defect in the floor of the room to precipitate an accident. *Held,* that the remote possibility of one falling and, in fall-ing, of putting his hand upon the rail in front of the wheel of the approaching truck was one of those necessary and obvious dangers not commonly guarded against, and which should not be held to be within a general statute for the "protection of employees operating machinery."

*Wynkoop* v. *Ludlow Valve Mfg. Co.*, 126 App. Div. 939, reversed.

(Argued October 14, 1909; decided November 9, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 20, 1908, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Murray Downs* for appellant. There is no proof that the defendant failed in any respect in its duty or care, either at common law or under the Employers' Liability Act. (*G. F. P C. Co.* v. *T. Ins. Co.*, 162 N. Y. 403; *Egan* v. *N. J. S. Co.*, 86 Hun, 542; 154 N. Y. 777; *Russell* v. *N. J. S. Co.*, 10 Misc. Rep. 593; *Bristor* v. *Smith*, 158 N. Y. 157; *Bauer* v. *E. S. D. Co.*, 115 App. Div. 71; 191 N. Y. 547; *Nolan* v. *M. S. Ry. Co.*, 65 App. Div. 184; 173 N. Y. 604; *Knisley* v. *Pratt*, 148 N. Y. 372; *Stevens* v. *Gair*, 109 App. Div. 621; *Buckley* v. *G. P. & R. M. Co.*, 113 N. Y. 540; *Welsh* v. *N. Y. C. & H. R. R. R. Co.*, 43 N. Y. S. R. 958; *Riceman* v. *Havermeyer*, 84 N. Y. 647; *McGuigan* v. *D., L. & W. R. R. Co.*, 122 N. Y. 618.)

326    Wynkoop *v.* Ludlow Valve Manfg. Co.    [Nov.,

Opinion of the Court, per Chase, J.      [Vol. 196.

*J. W. Atkinson* for respondent. The defendant was negligent in not properly guarding the track or rail upon which the electric crane was operated. (L. 1897, ch. 415; L. 1899, ch. 192; *G. F. P. C. Co.* v. *T. Ins. Co.,* 162 N. Y. 403; *Johansen* v. *Eastman Co.,* 44 App. Div. 270; *Diamond* v. *P. M. Mfg. Co.,* 97 App. Div. 43; *Johnson* v. *O. P. Co.,* 112 App. Div. 667.) The electric crane was a part of the "ways, works and machinery" within the meaning of the Employers' Liability Act. (L. 1892, ch. 600; *Gunn* v. *N. Y., N. H. & H. R. R. Co.,* 171 Mass. 417.) The failure of the defendant to properly guard the rail upon which the electric crane was operated was a defect in the condition of the ways, works and machinery used in the business of the defendant. (*Tate* v. *Latham,* L. R. [1 Q. B.] 502; *Wallace* v. *C. P. M. Co.,* 19 Scotch Sess. Cas. [4th series] 915; *Morgan* v. *Hutchins,* 59 L. J. Q. B. [N. S.] 197; *Godwin* v. *Newcombe,* 1 Ont. L. R. 525.)

Chase, J. The plaintiff's fingers on his left hand were cut off by one of the wheels of the truck of a traveling crane in the defendant's factory. In the defendant's factory is a gallery about twenty feet above the ground floor which extends around three sides thereof. There is a space between the side galleries of about forty feet. Along the inner side of each side gallery there are timbers twelve inches square extending the whole length thereof which are situated from two and a half to three feet above the floor of the gallery. On the center of these timbers are fastened rails like the heavy rails used for steam railroad tracks. The defendant maintains a crane for lifting and moving heavy weights in the lower part of the building, which is carried upon a truck extending across the space between the galleries and the wheels of said truck run upon said tracks. The machinery used by the defendant's employees faces the outside of the building. On the west gallery there is a long lathe near the center of the building, the back of which is about three feet from the timbers on which the rails are fastened, and near the

end of such lathe attached to a post, which is also west of the
timbers but partly east of the lathe, is a drill press with which
the plaintiff was about to work on the morning of the acci-
dent. In the space surrounded by the lathe on the west, a
cupboard on the north, the drill press on the south and said
timbers on the east, being a space about 3 x 12 feet, are kept
certain form boxes and other things used in connection with
the work conducted on said gallery. The plaintiff's work
that morning was to drill certain brass valves with said drill
press, and it was necessary for him in doing so to have one of
the boxes or forms in which to hold such valves while they
were being drilled, and he went to the space or room in which
the boxes were stored and looked over about one hundred of
them in an effort to find a form to fit the particular valves
on which he was to work. As he returned through this small
room assorting the boxes and continuing his effort to find a
form, he thought he saw one that could be used by him and as
he reached for it, he, in some way which does not appear,
slipped or tripped, and as he did so he put out his hand upon
the top of the rail just as a wheel of the crane truck was
passing and his fingers were injured as stated.

The plaintiff had been employed in a machine shop for
many years and he was entirely familiar with the situation of
the track and the use of the truck. The only question which
is now before us for consideration is as to the alleged negli-
gence of the defendant under all the circumstances in not
guarding the rail. It is claimed by the plaintiff that the
defendant failed to obey the Labor Law (L. 1901, ch. 9, sec-
tion 81) which requires that "all vats, pans, saws, planers,
cogs, gearing, belting, shafting, set screws and machinery, of
every description, shall be properly guarded."

There is no testimony in the record to show that it was
practical to guard the rail, or that such a rail is now or ever
has been guarded in any similar or other factory. The wheels
of such truck were from fifteen to eighteen inches in diameter
and the structure of the truck extended above the wheels so
that it was not possible to guard the track by a covering and

continue its use. It is not suggested, and it does not appear how the track could have been guarded except perhaps by the construction of a fence or partition at a point so far inside of the rail that it would not interfere with the truck and at such a height as to prevent a person intentionally or by accident falling over it upon the track.

The danger arising from unguarded vats, pans, saws, planers, cogs, gearing, belting, shafting and set screws is more or less hidden and consequently when unguarded they constitute special and unnecessary exposure to injury. The intention of the legislature in directing that certain things should be guarded, was thereby to remove all unnecessary danger to persons employed upon or about such special dangers. Other mechanical appliances constituting similar hazards were doubtless included in the words "machinery of every description." Where, however, danger to employees does not exist or is not reasonably to be expected it is not necessary under the act quoted for employers to guard even the enumerated machines or appliances. (*Dillon* v. *National Coal Tar Co.*, 181 N. Y. 215; *Glens Falls P. C. Co.* v. *Travelers' Ins. Co.*, 162 N. Y. 399; *Scialo* v. *Steffens*, 105 App. Div. 592.)

This court, in *Glens Falls P. C. Co.* v. *Travelers' Ins. Co.*, said: "We think, however, that the legislature could not have intended that every piece of machinery in a large building should be covered or guarded. This would be impracticable. What evidently was intended was that those parts of the machinery which were dangerous to the servants whose duty required them to work in its immediate vicinity should be properly guarded, so as to minimize, as far as practicable, the dangers attending their labors. Human foresight is limited, and masters are not called upon to guard against every possible danger. They are required only to guard against such dangers as would occur to a reasonably prudent man as liable to happen." (p. 403.)

There is no inherent danger in a track upon which a car or truck is run. The danger of remaining on a track when a car of any kind is approaching is neither hidden nor obscure.

In this case as we have seen the track was elevated higher than an ordinary table and the defendant's employees were not required to work upon or about it.   Any contact with it would have to have been intentional and voluntary or arise from some intervening accident.   There was no defect in the floor of the room to precipitate an accident.   The possibility of a person falling while in such room and in falling of putting his hand in front of the wheel of the truck was so remote that an ordinarily prudent man would not guard against it. The track has been maintained in the same way for several years and no previous accident had occurred.   An experienced man would not have anticipated such an accident.   The remote possibility of a person falling in front of approaching wheels exists in every case where vehicles of any kind are moved with or without trucks about the floor of a factory building or otherwise or where steam or other cars are propelled upon rails along unfenced passenger platforms.   It is one of those necessary and obvious dangers not commonly guarded against by fences or partitions and which should not be held to be within a general statute for the " protection of employees operating machinery."

If the legislature require fences to be erected in such cases it should so state in a more specific enactment.   The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment reversed, etc.