(146 App. Div. 384.)

## CAMPBELL v. KERTSCHER & CO.

(Supreme Court, Appellate Division, Third Department. September 28, 1911.)

1. MASTER AND SERVANT ( 278*)—INJURIES—SUFFICIENCY OF EVIDENCE—ADEQUACY OF MACHINE GUARDS.

Evidence, in an action for injuries to a servant's arm by being crushed by the foot rollers of a planing machine, *held* not to sustain a finding that the rollers were insufficiently guarded.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 961; Dec. Dig. § 278.*]

2. MASTER AND SERVANT (§ 286*)—GUARDING MACHINERY—NECESSITY—JURY QUESTION.

Though Labor Law (Laws 1906, c. 366) § 81, requires certain machinery to be properly guarded, machinery may be so located that it is a question of fact for the jury whether a guard is required.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1028; Dec. Dig. § 286.*]

3. NEW TRIAL (§ 72*)—GROUNDS—VERDICT AGAINST EVIDENCE.

A verdict finding that a machine should be guarded under Labor Law (Laws 1906, c. 366) § 81, if against the weight of the evidence, must be set aside like a verdict on any other question.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

4. MASTER AND SERVANT (§ 97*)—MASTER'S DUTY—GUARDING MACHINERY—ANTICIPATION OF CONSEQUENCES.

Even under Labor Law (Laws 1906, c. 366) § 81, requiring certain machinery to be guarded, an employer is only bound to guard machinery against such accidents as might reasonably be expected.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 163; Dec. Dig. § 97.*]

5. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE.

A motion for a new trial for newly discovered evidence was properly denied, where defendant did not show sufficient excuse for not discovering the evidence before trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 210–214; Dec. Dig. § 102.*]

Betts, J., dissenting.

Appeal from Trial Term, Chemung County.

Action by Edgar A. Campbell against Kertscher & Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Alexander C. Eustace, for appellant.

William B. Matteson, for respondent.

HOUGHTON, J. For some months the plaintiff had been employed by the defendant in running a planing machine in its factory. The machine had a movable table upon which the lumber to be planed rested, and which could be raised or lowered, depending upon the thickness of the lumber to be planed. When the machine was set for lumber one inch thick or less, the top of this table was about 2¾ feet from the floor. The lumber was inserted between the feed rollers, which carried it to and across the planing knives, which were situated some inches back of the rollers. Between the feed rollers and the knives was a stationary plate known as a "chip breaker." The feed rollers were made somewhat flexible by a system of weights which enabled them to grasp material varying slightly in thickness. These rollers were 23 inches from the front of the table and were protected ·by a half-inch iron hood, the outer edge of which was six inches from the center of the rollers. When the table was moved up so that these rollers were tight together, the lower front edge of this hood was two inches from the table. When the table was adjusted for the planing of lumber of any thickness, the thickness of the lumber made this opening so much more. On the day of the accident to the plaintiff the table was adjusted for the planing of material ⅝ of an inch thick, and this opening was therefore 2⅝ inches wide, extending across the table, and the rollers were a little less than ⅝ of an inch apart and 6 inches back of the guard.

In some way the plaintiff got his hand in this opening of 2⅝ inches back far enough to have his fingers caught between the rollers, drawing his hand and arm in up nearly to the elbow, crushing them between the rollers, and breaking his arm in several places as it was bent up between the rollers and chip breaker.

The plaintiff claims that he slipped amongst shavings on the floor and in endeavoring to save himself from falling involuntarily thrust his hand into the machine. The defendant insists that the accident could not have happened in that way and that the plaintiff must have been engaged in carelessly brushing the shavings off of the machine.

There was proof that on some similar machines operated by the defendant, and as it was claimed on this machine as originally set up, there was a two-inch plate 1⅜ inches in front of the hood and about on a level with it, running straight across the machine. The machine on the day of the accident had a two-inch plate running across it; but it was curved upward so that it did not come down as low and as near the table as it would have done had it run straight across, thus leaving the hood 6 inches from the center of the rollers as the only guard.

The ground upon which the plaintiff recovered was that this hood guard of 6 inches was insufficient, and that the defendant was negligent in changing or in not having a straight bar across the front of

the machine, which would have extended the guard out 3⅜ inches further toward the front and away from the center of the rollers.

[1] If it be assumed that the accident happened in the manner described by the plaintiff and that his fall was the proximate cause of the injury and was caused by defendant's negligence, still we are of opinion that the verdict of the jury that the rollers were insufficiently guarded is against the weight of evidence and must· be set aside.

[2, 3] Notwithstanding the fact that section 81 of the labor law (Laws 1906, c. 366) requires that certain machinery shall be properly guarded, the machinery may be so located and the situation may be such that as matter of law no guard is required. Wynkoop v. Ludlow Valve Mfg. Co., 196 N. Y. 324, 89 N. E. 827, 30 L. R. A. (N. S.) 36. In other cases the necessity for guarding and the sufficiency of the guard are questions of fact to be passed upon by a jury (Glens Falls P. C. Co. v. Travelers' Ins. Co., 162 N. Y. 399, 56 N. E. 897; Walker v. Newton Falls Paper Co., 99 App. Div. 47, 90 N. Y. Supp. 530), and if their verdict be against the weight of evidence it must be set aside like a verdict upon any other question (Kimmerle v. Carey Printing Co., 144 App. Div. 714, 129 N. Y. Supp. 572).

In the present case the feed rollers were guarded by the hood 6 inches from their center, and, as demonstrated by the accident to the plaintiff, even if caught in the rollers his hand could not come in contact with the planing knives. It was only when the rollers were set for thin material that they would be close enough together to catch and crush a man's hand and arm. The hole into which the plaintiff thrust his hand 6 inches from the guard was only 2⅝ inches deep. Had it chanced that the machine had been set for two-inch or three-inch or wider material, the opening between the rollers would have been such that his hand could not have been caught even if he had thrust it between them.

[4] A master is not required to guard machinery in such a way that an accident cannot possibly happen. It is only against such accidents that might reasonably be expected to occur that he is bound to guard even the machinery enumerated in the statute. Wynkoop v. Ludlow Valve Mfg. Co., supra.

The office of the straight bar across the machine, because of the absence of which the plaintiff complains, was not primarily to guard against accidents, but to protect the machine from injury while being fed with lumber. The hood was strong enough to answer the same purpose. Had a straight bar been across the machine, doubtless the accident to the plaintiff would not have happened; but the finding of the jury that the guard that remained in the form of the hood was insufficient was against all the evidence and should be set aside.

Since the appeal from the judgment was argued, the defendant made a motion for a new trial at Special Term, on the ground of newly discovered evidence, which was denied, and an appeal from that order is considered herewith.

[5] The motion was properly denied because the defendant did not show sufficient excuse for not discovering the evidence before the

trial. That order must be affirmed, with $10 costs and disbursements to respondent.

The judgment and order denying motion for a new trial upon the minutes of the court must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except BETTS, J., dissenting.