PHILIP BASEL, Respondent, *v.* THE ANSONIA CLOCK COMPANY, Appellant.

**Negligence — master and servant — failure to guard machine — master not liable for accident not reasonably to be anticipated.**

Where a person not engaged in the operation of a machine and in disobedience of the request of the operator, attempted to do something, not in the line of his duty, with the result that the machine was put in motion and the operator injured, *held*, not a risk or accident reasonably to be anticipated as the result of failure to guard the machine, and that, therefore, a right of action did not accrue under section 81 of the Labor Law (Cons. Laws, ch. 31).

*Basel* v. *Ansonia Clock Co.*, 159 App. Div. 912, reversed.

(Argued October 25, 1915; decided December 7, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 3, 1913, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. Clyde Sherwood* and *Amos H. Stephens* for appellant. The employer was guilty of no negligence in failing properly to guard this machine. (*Wynkoop* v. *Ludlow Valve Mfg. Co.*, 196 N. Y. 324; *Dillon* v. *Nat. Coal Tar Co.*, 181 N. Y. 215; *Gombocs* v. *Union Mills*, 152 App. Div. 914; *Toye* v. *United Dressed Beef Co.*, 141 App. Div. 332; *Campbell* v. *Kertscher & Co.*, 146 App. Div. 384; *Ostermann* v. *Ware*, 135 App. Div. 119; *Moskewict* v. *D. Allen's Sons' Rope Co.*, 153 App. Div. 376; *Schmnoske* v. *Roofing Co.*, 129 App. Div. 500; *Scott* v. *International Paper Co.*, 204 N. Y. 49; *Glens Falls P. C. Co.* v. *Travelers' Ins. Co.*, 162 N. Y. 399.)

*Hugo Hirsh* for respondent. The failure on the part of the defendant to properly guard the machine made it

defective and the defendant was liable. (Cons. Laws, ch. 31, § 81; *Scott* v. *International Paper Co.*, 204 N. Y. 49; *Gross* v. *Lidgerwood Mfg. Co.*, 158 App. Div. 438; *Proctor* v. *Rockville Centre M. & C. Co.*, 205 N. Y. 508; *Fitzwater* v. *Warren*, 206 N. Y. 355; *Welch* v. *Waterbury Co.*, 206 N. Y. 522; *Martin* v. *W. & W. Mfg. Co.*, 198 N. Y. 328; *Hubbell* v. *Pioneer Paper Co.*, 147 App. Div. 339; *Hartmann* v. *B. & J. Envelope Co.*, 71 Misc. Rep. 30.)

*Per Curiam.* Plaintiff was at work on a machine used for cutting and shaping bells used in clocks. This operation was accomplished by a die or plunger set in motion by pressure on a treadle which was located inside the framework of the machine. On the occasion of the accident pressure was accidentally applied to the treadle by a workman who was not then operating the machine, and who, in spite of the direction of the plaintiff, was attempting to pick up some material which had fallen upon the floor near the machine, and the result was that the plunger or die descended upon and injured plaintiff's hand.

The basis of recovery was that the defendant had failed to comply with section 81 of the Labor Law (Cons. Laws, ch. 31) which, at the time of the accident, provided: "All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery, of every description, shall be properly guarded."

In *Scott* v. *International Paper Co.* (204 N. Y. 49, 51) this court adopted the opinion of Judge CHASE, wherein it was written: "Where it is practicable to guard a machine, and danger from its remaining unguarded should be reasonably anticipated, the provisions of the statute quoted are mandatory."

In *Wynkoop* v. *Ludlow Valve Mfg. Co.* (196 N. Y. 324, 328) it was again written, in construing the act in question: "Where, however, danger to employees does not exist or

is not reasonably to be expected it is not necessary under the act quoted (being the one here under consideration) * * * to guard even the enumerated machines or appliances."

We shall assume that it was practicable to have guarded in some manner the treadle which set the machine in motion, and that if as the result of failure to do this the machine had been put in motion by some accidental movement reasonably to have been apprehended in its operation, a right of action would have accrued in favor of the plaintiff. This, however, is not the case that is presented to us. Here a person not engaged in the operation of the machine and in disobedience of the request of the man who was operating the same voluntarily attempted to do something not in the line of his duty, and the result has been that in an unusual manner he accidentally hit the treadle and put the machine in motion. Without the interference of this volunteer the accident could not have happened as it did, for if the operator who ordinarily was in sole charge of the machine had stooped to pick up the fallen material his hand could not have remained under the die subject to injury if the latter was accidentally put in motion through hitting the treadle.

Our judgment, therefore, is that within the cases above cited this was not a risk or accident reasonably to be anticipated as the result of failure to guard the machine, and that, therefore, a right of action did not accrue.

We think that the judgment must be reversed and a new trial granted.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment reversed, etc.