[Civil No. 1920.   Filed October 4, 1922.]

[209 Pac. 298.]

CALUMET & ARIZONA MINING COMPANY, a Corporation, Appellant, v. J. L. WINTERS, Administrator of the Estate of LOUIS B. NAYLOR, Deceased, Appellee.

1. MASTER AND SERVANT—BURDEN OF ISSUE OF CONTRIBUTORY NEGLIGENCE ON PLAINTIFF.—In an action under Employers' Liability Act (Civ. Code 1913, pars. 3153–3179) for the death of an employee, the burden is on plaintiff to show that the accident was not caused by decedent's negligence.

2. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE FOR JURY.—In actions under Employers' Liability Act (Civ. Code 1913, pars. 3153–3179) for injuries to or death of an employee, where all the circumstances under which the injury was received are proved and exclude fault on the part of the employee either of acts or of neglect, to which the injuries might be attributed, plaintiff is entitled to have the question of contributory negligence submitted to the jury.

3. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE OF ELECTRICIAN HELD FOR JURY.—In an action under Employers' Liability Act (Civ. Code 1913, pars. 3153–3179) for the death of a workman from contact with the electric current while working on a switchboard, *held* that plaintiff's evidence sufficiently excluded conduct on the part of decedent to which the injuries might be attributed, and the case was for the jury.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. G. McAlister, Judge. Affirmed.

Rehearing granted December 29, 1922.

Mr. Cleon T. Knapp and Messrs. Boyle & Pickett for Appellant.

Mr. Alexander Murry and Mr. Frank E. Thomas, for Appellee.

JENCKES, Superior Judge.—Action under Employers' Liability Act (chapter 6, title 14, Rev. Stats. 1913) for death of plaintiff's intestate, Louis B. Naylor. Judgment for plaintiff upon the verdict of a jury for $10,000, and defendant appeals.

The single assignment of error is that the trial court erred in denying appellant's motion for a directed verdict at the conclusion of all the evidence, based upon the ground that the plaintiff had failed to show that the accident which resulted in the death of decedent was not caused by decedent's negligence. The burden of so showing is upon the plaintiff. *Southwest Cotton Co.* v. *Ryan,* 22 Ariz. 520, 199 Pac. 127.

The following are the undisputed facts in the case:

On the evening of May 14, 1918, the decedent, Louis B. Naylor, and six other workmen were employed under the direct supervision of one William R. Gibson, chief electrician of the defendant company, in the installation of a certain switchboard at the junction shaft upon defendant's property. The lines upon which they were working and all metal framework and piping had been grounded, and all live wires connected with the work in any way were heavily insulated, making it impossible for injury to result from contact therewith. The only point at which contact could possibly have been made with the electric cur-

rent was at a certain fuse terminal about one inch long, and to afford as great a measure of protection at that point, the chief electrician Gibson, had covered the terminal with a board, making it impossible for anyone to come in contact with the current there without deliberately and designedly inserting his hand or fingers behind the board.

At the time of the accident, Naylor and Gibson were collaborating in the bending of a piece of insulated wire about fourteen inches long, which they held in their hands, and which was not connected or touching any part of the work, but which they intended to incorporate therein when bent to the desired shape. Naylor was sitting upon a wooden plank elevated about three feet from the ground, with his back to the switchboard, and twenty to twenty-four inches away from it. The fuse terminal was situated in the switchboard at a point six to ten inches higher than his shoulders and in line with a point between the end of his left shoulder and the middle of his back. To touch the fuse terminal, he would have had to turn his body partly around, reach up six to ten inches with his hand, and feel around down behind the board covering the terminal. Gibson was standing upon the ground immediately in front of Naylor, facing him, with his head just a little bit below Naylor's head. The hands of both men were holding the wire which they were bending. Gibson's eyes were directed toward the wire, and decedent's hands were within the range of his vision. While they were in this position, bending the wire, there came a blinding "flash and crash and then another flash," caused by the electricity. Naylor dropped the wire. The electricity in some manner killed him.

Gibson was the only witness testifying to the facts and circumstances attending the accident. He testified first for the plaintiff and later for the defendant; his testimony being substantially the same both

times. He stated that he did not know of any way decedent could have come in contact with the electric current except by deliberately and designedly reaching around and placing his hand upon the fuse terminal. Appellant argues, therefore, that the only legitimate inference from his testimony is that decedent did do so. But the facts in evidence do not admit of such an inference. Gibson did not see the decedent touch the fuse terminal or make any movement toward it. In fact, what happened immediately preceding and at the instant of the accident, and just what decedent was doing at the time, are shown unmistakably by Gibson's testimony. That he was not in the act of placing his hand upon the fuse terminal, and could not have been doing so, clearly appears therefrom. We do not think this would have been made more clearly to appear if Gibson had testified unequivocally he did not touch the fuse terminal. To be sure the direct question, Did decedent touch the fuse terminal? was never propounded to him, but he was asked, "Did you see either one of his hands in back of the switchboard prior to the explosion?" And, again, "You didn't see him touch it [the fuse terminal]?" To both of which questions he answered, "No." As Gibson was in a position with relation to the deceased where such a movement, if made, must have been observed by him, the inference to be drawn from his testimony is not that for which appellant contends.

But appellant argues further that, even if it be true that the facts of the case do not admit of such inference, nevertheless, as it does not appear from the facts just how the accident happened, that is to say, because the precise manner in which the electricity was conducted to decedent's body is not apparent from the evidence, it has not been shown, either that decedent was or was not negligent; that consequently plaintiff has not sustained the burden of

proving affirmatively that the injury was not due to decedent's negligence.

This presents for determination the question: How far must the plaintiff go, in an action under our Employers' Liability Act, to sustain the burden of proof resting upon him to show that "the injuries were not caused by the negligence of the person killed or injured?" The requirements of the situation are in a measure analogous to those exacted of one seeking recovery in the common-law action for negligence in those jurisdictions where the burden of proof is cast upon the plaintiff to show lack of contributory negligence. We are therefore warranted in examining the decisions of the courts of such jurisdictions to ascertain the extent to which a plaintiff bringing that character of action must go in that respect. Appellant has cited us to a number of decisions of those courts, and we have examined many others as well. We find that there is a sharp division of opinion as to what the plaintiff must do in the matter of introducing evidence to sustain the burden of proof and to require the submission of the question to the jury. The decisions of the courts of New York are representative of one group, which holds that if there is no evidence one way or the other on the question of contributory negligence, plaintiff is not entitled to have that question submitted to the jury. The burden of showing that plaintiff's intestate was free from contributory negligence rests upon the plaintiff.

"When there is neither direct nor circumstantial evidence which points either to the presence or absence of contributory negligence, the plaintiff cannot recover without some affirmative evidence to show that the decedent was not guilty of contributory negligence." *Sciato* v. *Steffens,* 105 App. Div. 592, 94 N. Y. Supp. 305; note 10 Ann. Cas. 9, and other cases therein cited.

The Massachusetts decisions are typical of those of the other group which holds that plaintiff need not

show as a distinct affirmative proposition that he was in the exercise of due care at the time of the injury.

"If all the circumstances under which the injury was received were proved, and the evidence excluded fault on the part of the plaintiff, and there was nothing in the conduct of the plaintiff, either of acts or of neglect, to which the injury might be attributed in whole or in part, due care might be inferred from the absence of all appearance of fault." *Hilton* v. *City of Boston,* 171 Mass. 478, 51 N. E. 114; note, 10 Ann. Cas. 9, and other cases therein cited.

We adopt the rule exemplified by the Massachusetts decisions as representing the weight of authority, rather than the New York rule, in so far as it may be applied to causes arising under our Employers' Liability Act. Therefore, in such actions, when the plaintiff attempts to prove freedom from negligence on the part of the person killed or injured in order to show that the injuries complained of were not caused by the negligence of such person, if the facts and circumstances under which the injuries were sustained, being sufficiently shown, exclude conduct on the part of the person killed or injured, either of acts or of neglect, to which the injuries might be attributed, then the plaintiff is entitled to have the question of negligence submitted to the jury.

The facts attending the injury sustained in this case were, we think, sufficiently proven. The entire situation is disclosed with remarkable clearness. To be sure, the exact way in which the current of electricity reached decedent's body is not shown, and perhaps is not known and may never be known by anyone. But it is shown that it was not conducted thereto in the only way which the witness Gibson could conceive of. That such was the only manner in which decedent could have come in contact with the current through any negligent act of his own we think is fairly inferable from the evidence. Any movement on his part, other than reaching up and touching the fuse termi-

nal, would not have constituted negligence, because, as we have seen, everything else within his reach had been heavily insulated or grounded so that it could be safely handled by the workmen. Thus the plaintiff has brought himself within the rule here laid down by sufficiently showing facts and circumstances which exclude conduct on the part of the decedent to which the injuries might be attributed, and the cause was properly submitted to the jury.

The judgment is affirmed.

ROSS, C. J., and BOLLINGER, Superior Judge, concur.

NOTE.—McALISTER and FLANIGAN, JJ., being disqualified, took no part in the decision of this cause.