GEORGE MESSENGER, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. Constitutional Law: CIVIL RIGHTS. "An act to provide that all citizens shall be entitled to the same civil rights and to punish all persons for violations of its provisions," Comp. Stat., Ch. 14a, is within the power of the legislature, and valid so far as it relates to citizens.

2. ———: TITLE TO ACTS. Where the act is broader than its title, that portion in excess of the title will be declared void; as where the title of the act relates to "all citizens," and the body to "all persons." In such case, in order to entitle a party to the benefits of the act, it must be alleged and proved that he is a citizen.

3. ———: CIVIL RIGHTS. Barber shops cannot discriminate against a colored person and deny him any rights therein to which a white person would be entitled if requiring the services of a barber, except for reasons applicable alike to all persons.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Hamilton & Trevitt,* for plaintiff in error, cited; *Corfield v. Coryell,* 4 Wash. C. C., 371. *Campbell v. Morris,* 3 H. & McH., 535. *Ward v. Morris,* 4 H. & McH., 330. *Bowlin v. Lyon,* 25 N. W. Rep., 766.

*William Leese,* Attorney General, for defendant in error, cited: *Strauder v. West Virginia,* 100 U. S., 303. *Virginia v. Rives,* Id., 313. *People v. King,* 18 N. E. Rep., 245. *Mayor v. Miln,* 11 Peters, 102. Cooley Const. Lim., 3 Ed., 390. *Donnell v. State,* 48 Miss., 661.

MAXWELL, J.

The prosecuting attorney of Lancaster county filed an information against the plaintiff in error, under the civil rights act, as follows: "Be it remembered that R. D.

Stearns, county attorney in and for Lancaster county, and in the 2d judicial district of the state of Nebraska, comes, here in person into court at this, the May term, A.D. 1888, thereof, and for the state of Nebraska gives the court to understand and be informed that George Messenger, late of the county aforesaid, on the 3d day of May, A.D. 1888, in the county of Lancaster, and the state of Nebraska aforesaid, then and there being one of the proprietors of the place of business known as the Commercial barber shop, in the city of Lincoln and county aforesaid, unlawfully and willfully refused to shave one Arthur L. Warwick, or allow him to be shaved in said Commercial barber shop, on account of his, said Arthur L. Warwick, color, said Warwick being a colored man; he, said Warwick, being then and there entitled to the full and equal enjoyment of all the accommodations, advantages, facilities, and privileges of said barber shop extended by its said proprietors to any of the customers and patrons of said shop, and said refusal to shave said Warwick on account of his said color being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska."

The plaintiff in error moved to quash the information, upon the ground that it failed to state an offense under the statute. The motion to quash was overruled, a trial had, and the plaintiff in error found guilty, and sentenced to pay a fine and costs, and to be imprisoned until the same were paid. He now prosecutes error to this court.

In 1885, the legislature passed "An act to provide that all citizens shall be entitled to the same civil rights, and to punish all persons for violations of its provisions." Comp. Stat., Ch. 14 a.

Sec. 1 provides that, "all persons within this state shall be entitled to the full enjoyment of the accommodations, advantages, facilities and privileges of inns, public conveyances, barber shops, theatres, and other places of amuse-

ment; subject only to the conditions and limitations established by law, and applicable alike to every person."

Sec. 2 provides, "That any person who shall violate the foregoing section by denying to any person, except for reasons by law applicable to all persons, the full enjoyment of any of the accommodations, advantages, facilities, or privileges enumerated in said section, or by aiding or inciting such denials, shall, for each offense, be deemed guilty of a misdemeanor, and be fined in any sum not less than $25 and not more than $200, and pay costs of the prosecution, and in default or refusal to pay the fine and costs, be imprisoned in the county jail until such fine and costs are paid."

It will be observed that the title of the act is much narrower than the body of the same. The title being that, "all citizens" shall be entitled to the same civil rights, etc., while the first section provides that "all persons" within this state shall be entitled to the full and equal enjoyment of the accommodations, etc., * * * of barber shops, etc.

In a number of cases this court has held that that portion of an act which is broader than its title is in conflict with the constitution, and void. *White v. City of Lincoln,* 5 Neb., 505. *City of Tecumseh v. Phillips,* Id., 305. This rule, therefore, would exclude persons who are not citizens. There is no allegation in the information that Warwick was a citizen, and therefore it fails to show that he was entitled to the benefits of the act. In other respects the information seems to be sufficient.

2d. The testimony tends to show that Warwick was an employee of the Windsor Hotel, in Lincoln, and that he was a respectable man; that between two and three o'clock P. M. on a week day he presented himself at the barber shop of the plaintiff in error, and taking a seat in one of the chairs provided for that purpose, asked for a shave, which was refused. He testifies on that point as follows:

"A.   I had just sat down and asked for a shave, and he (the plaintiff in error) said, 'Don't sit down there,' in a rather harsh voice, and I asked him why, and he said, 'Don't sit down there;' and again I asked him, 'Why,' and he said, 'We can't shave you;' and then I asked him, 'Why,' and he said, 'You are colored;' and Mr. Neville spoke up and said it was not customary either."

This testimony is substantially undenied.   There is no doubt of the authority of the state to prevent discrimination against certain individuals or races because of their color or previous condition.   A barber, by opening a shop and putting out his sign, thereby invites every orderly and well behaved person who may desire his services to enter his shop during business hours.   The statute will not permit him to say to one, you were a slave or the son of a slave, therefore I will not shave you.   Such prejudices are unworthy of our better manhood, and are clearly prohibited by the statute.   In this state a colored man may sit upon a jury, cast his ballot at any general or special election where he is entitled to vote, and his vote will be counted, and he has the right to travel upon any public conveyance the same as if he were white.   The authority of the state to prohibit discriminations on account of color in places of public resort—as a barber shop—is undoubted, and the proprietors of such shops can adopt and enforce no rules which will not apply to white and colored alike.   For the reason that there is a failure to allege and prove that Warwick was a citizen, the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.