No. 9437.

DARIUS v. APOSTOLOS.

1. STATUTES—*Construction.*  Where the legislative intent is doubtful resort to rules of construction is proper.

2. ——*General Words, Following Specific,* are controlled by the former; but this rule is not allowed to defeat the plain legislative intent.

3. ——*Ejusdem Generis,* has no application where the specific words signify subjects differing greatly from one another.

4. ——*Statutes of Different Date.* The statutory regulation of barber shops by the act of 1909 (c. 138) is not to be received as controlling the interpretation of a statute enacted fourteen years previous thereto.

In construing the provisions of Rev. Stat. sec. 609, providing that all persons shall be entitled to the accommodations, etc., of "barber shops," the provisions of sec. 3 of chapter 55 of the laws of 1917 providing that no person shall be publicly proclaimed as excluded because of race, etc., are without importance.

5. EQUAL EMPLOYMENT OF PUBLIC ACCOMMODATIONS—*Statute Construed.* Boot-blacking stands are within the provisions of Rev. Stat. sec. 609.

6. ——*Constitutional Law.* The statute is not unconstitutional.

*Error to El Paso County Court, Hon. W. P. Kinney, Judge.*

*En Banc.*

Mr. E. P. BLAKEMORE, for plaintiff in error.

Mr. G. W. MUSSER, Mr. W. D. LOMBARD and Mr. C. B. HORN, for defendant in error.

Mr. Justice Burke delivered the opinion of the court.

SECTION 1, chapter 61, Laws of 1895, page 139 (section 609, Revised Statutes, 1908), provides that "all persons" shall be entitled to the equal enjoyment "of the accommodations, advantages, facilities, and privileges of inns, restaurants, eating houses, barber shops, public conveyances on land or water, theaters, and all other places of public accommodation and amusement," etc.

Section 2 of the same act, that any person violating the provisions of the foregoing "shall for every such offense forfeit and pay a sum of not less than fifty (50) dollars nor more than five hundred (500) dollars to the person

aggrieved thereby, to be recovered in any court of com-
petent jurisdiction,   *   *   *   and shall also for every
such offense be deemed guilty of a misdemeanor."

Plaintiff in error brought this action against defendant
in error under the foregoing Act. The complaint alleges
that the defendant conducted a bootblacking establishment
in the City of Colorado Springs, service in which was re-
fused plaintiff because he was a colored man. The prayer
is for damages in the sum of $500. A general demurrer
to this complaint was sustained by the trial court, on the
ground that defendant's business was not covered by the
language of Section 1, *supra*. The cause is now before us
on error and this is the sole question for our consideration.

Considering the penal character of this Statute the rule
of strict construction must be applied. *Brown v. J. H. Bell
Co.*, 146 Ia. 89, 123 N. W. 231, 124 N. W. 901, 27 L. R. A.
(N. S.) 407, Ann. Cas. 1912B, 852.

Finding, as we do, that the judgment of the trial court
must be reversed, each of the three principal contentions
made by counsel for defendant will be discussed. They are
as follows: 1st. That the doctrine of *ejusdem generis* is
applicable and hence the phrase "all other places of public
accommodation" should be read "all other *similar* places of
public accommodation"; that defendant's place of busi-
ness does not fall within the same general class as those
enumerated; and that the identical question has been so
decided in *Burks v. Basso,* 180 N. Y. 341, 73 N. E. 58, 105
Am. St. 762.

We have heretofore stated the general application and
limitation of this rule of construction as follows: "The
familiar general rule, which is enforced in this jurisdiction,
is that where words of general import follow specific
designations the application of the general language is con-
trolled by the specific. This is but a rule of construction,
and is not allowed to defeat the plain legislative will; yet
where the legisative intent is doubtful, resort to rules of
construction is proper." *Gibson v. People,* 44 Colo. 600-
605, 99 Pac. 333.

The decision in the New York case was as asserted by defendant, but we are of the opinion that it is based upon false reasoning. That court says, page 344: "A bootblacking stand may be said to be a place of public accommodation, like the store of a dry goods merchant, a grocer, or the proverbial 'butcher, baker and candle stick maker.'" This, we think, is incorrect. The principal business of such establishments is the sale of merchandise, whereas the principal business of barber shops and bootblacking stands is the furnishing of personal service. They do not, therefore, belong in the same general class. Furthermore, while the New York court points out that "bath houses and barbershops are not in the same class with hotels and public conveyances," the bearing of this distinction on the question at issue, and the rule of law therefore necessarily applicable, seems to have been overlooked by it. This determination of the diversity of character in the kinds of business specifically enumerated, removes the case from the application of the doctrine of *ejusdem generis.*

Where the kinds of business enumerated bear no common analogy to each other except that they are all for pecuniary profit the rule is not applicable. *Brown v. Corbin,* 40 Minn. 508, 42 N. W. 481.

The rule does not apply where the specific words signify subjects greatly different from one another. *McReynolds v. People,* 230 Ill. 623, 82 N. E. 945-948. A bootblacking stand is a "place of public accommodation." It is of the same general class as "barber shops", in that the business of each consists principally in furnishing personal service and the two are quite generally operated in conjunction, but it is not of the same general class as "public conveyances on land or water", or "theaters", hence, in the instant case, the doctrine of *ejusdem generis* is not applicable.

2nd. That such a distinction exists between barber shops and bootblacking stands as to clearly imply the exclusion of the latter from the operation of the Act of 1895; which distinction, it is said, arises from the fact that barber shops are impressed with a public character by reason of their statutory regulation (Laws of 1909, page 294).

In view of the fact that such statutes were not enacted until fourteen years after the section in question here, the contention is without merit.

3rd.   That defendant's business must be excluded from the phrase "all other places of public accommodation" because it is omitted from the definition of that phrase as contained in sec. 3, chap. 55, Laws of 1917, p. 163.

There is no such relation between the two Acts as would give to the definition even the doubtful force of later legislative interpretation.   The former prohibits certain *discrimination*.   The latter prohibits only the *advertisement* of certain discrimination.   The former provides that "all persons" shall be entitled to the privileges of the establishments mentioned.   The latter that no person shall be publicly proclaimed as excluded because of "race, sect, creed, denomination or nationality".   Moreover the definition of the phrase in the Act of 1917 is by its express terms limited to that Act.   The later Act neither repeals, amends nor refers to the former; and there is nothing to suggest that the legislature had the one in mind when the other was passed.   The same process of reasoning which would exclude bootblacking stands from the definition "all other places of public accommodation", as used in the Act of 1895 would also exclude bath houses; but if the definition of "places of public accommodation" found in the Act of 1917 is to be applied to the phrase as used in the Act of 1895, then "bath houses", which are specifically mentioned in the later Act, must be read into the former.   Hence this contention is without merit.

Moreover, the legal presumption is that words and phrases in a statute are used in their usual sense unless the intent clearly appears to use them in a more restricted or different sense.   *Westerlund v. Black Bear Mining Co.*, 203 Fed. 599-605, 121 C. C. A. 627.   No such intent can here be made to appear, except by the application of that rule of construction which we have above eliminated.   The phrase here in question "all other places of public accommodation", given its commonly accepted meaning, includes

bootblacking stands. To hold otherwise would be to construe that phrase out of the Statute, it being impossible to interpret it as meaning "all other *similar* places of public accommodation" for the reason that "barber shops" and "public conveyances on land and water" are so dissimilar that no place of public accommodation can be similar to both.

The judgment is accordingly reversed and the cause re-manded for further proceedings in conformity with the views herein expressed.                          .

Bailey, Teller, and Scott, JJ., dissent.

Mr. Justice Teller dissenting: The majority opinion declines to follow *Burks v. Bosso,* 180 N. Y. 341, because of an alleged defect in the reasoning, in that the court applied the rule of *ejusdem generis* to an enumeration of places of business of diverse character. That rule of construction is said to be eliminated, but it seems to me that it is the basis of the conclusion announced. It is pointed out that barber shops and bootblacking stands have a common feature, in that both are devoted to the rendering of personal service. Hence it is concluded that the specifying of barber shops justified the court in construing bootblacking stands as coming within the meaning of the general words "places of public accommodation."

I submit that this is an application of the supposedly eliminated rule of *ejusdem generis*. But, the rule is in fact applicable, and was properly applied in the New York case.

Classification of places of business does not depend upon their being similar in all respects. A single characteristic in each one may be sufficient to put them in one class. This is recognized in the opinion, the characteristic being the rendering of personal services. In this case, the places of business mentioned are, in their nature or by long usage, subject to regulation and supervision in the interest of the public health, safety, or general welfare. This common characteristic, i. e., subjection to public control, makes them all of one class. As this is the only classification of which

the places of business are, apparently, capable, it follows that the general words should be held to apply only to places of that class. This is strictly in accord with sound reason.

No reason is advanced to show that the public has any concern in the management of a business which, in no way, affects the public health, safety or morals. Why should a bootblacking stand, any more than a news stand, be subject to this regulation?

The rule that a penal act is to be strictly construed is admitted, but not applied. The defendant's place of business is brought within the statute, and his act made a misdemeanor, when the intent of the legislature to include such business is by no means clear.

Although the members of the New York court of appeals, after careful consideration, were of the opinion that their statute, practically identical with ours, did not include bootblacking stands, this defendant is presumed to know that our statute includes his business, and he is to pay the plaintiff not less than $50 and possibly $500, and be subject also, to a possible term in the penitentiary. Why? Because he did not draw the proper inference from general words following special terms. Otherwise stated, a penitentiary offense is imputed to him by implication, a thing which has many times been denounced. "Penal statutes can never be extended by mere implication to either persons or things not expressly brought within their terms. * * * It is a principle in the construction of statutes that the legislature does not intend the infliction of punishment, or to interfere with the liberty or rights of the citizen, * * * by doubtful language; but will in such cases express itself clearly, and intends no more than it so expresses." Sutherland on Statutory Construction, sec. 350. The text is supported by numerous authorities.

This is a case eminently fitted for the application of the rule, said to be coeval with municipal law, that "Purely statutory offenses shall not be established by implication, and that acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of

the legislative intent to make them criminal." *People v. Phyfe,* 136 N. Y. 554, 32 N. E. 978, 19 L. R. A. 141.

In *Rex v. Bond,* 1 B. and Ald. 390, it is said: "It would be extremely wrong that a man should, by a long train of conclusions, be reasoned into a penalty when the express words of the act of parliament do not authorize it." The rule is also that "if the words are equally capable of a construction that would, and one that would not, inflict a penalty", the latter construction should be adopted. Sutherland on Statutory Construction, sec. 352.

Here by a process of reasoning, the defendant in error is held to have committed an offense. No intent to include bootblacking stands is expressed in the law, nor is it even fairly implied. The decision violates rules of law which have been developed through centuries for the protection of the rights and liberty of the people. The judgment of the trial court was right and ought to be affirmed.

I am authorized to state that Mr. Justice Scott concurs in the views above expressed.

## On Rehearing.

Burke, J. It is now strenuously contended that sec. 609, R. S. 1908, as we have herein construed it, is unconstitutional. If such construction makes the act unconstitutional as applied to the business of defendant in error, it is, for the same reason, unconstitutional as to barber shops. The contrary has been held, and we think correctly. *Messenger v. State,* 25 Neb. 674, 41 N. W. 638. The subject is one for the exercise of legislative, not judicial, discretion. The former opinion is adhered to.

Scott, Teller and Bailey, JJ., dissent.

Decided December 1, A. D. 1919. Rehearing denied June 7, A. D. 1920.