No. 13,053.

CROSSWAITH *v.* BERGIN.

(35 P. [2d] 848)

Decided June 25, 1934.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. F. A. WACHOB, for plaintiff in error.

Mr. HARRY G. SAUNDERS, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE plaintiff in error Crosswaith, a negro, sued before a justice of the peace to recover from Bergin $300 for alleged violation of sections 4128 and 4129, C. L. 1921. Being there nonsuited, Crosswaith appealed to the county court, where, after resting in chief, he was again subjected to a nonsuit. A judgment of dismissal having thereupon been entered, Crosswaith here seeks reversal.

The aforesaid sections 4128 and 4129 are as follows:

"Section 4128. That all persons within the jurisdiction of said state shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities and privileges of inns, restaurants, eating houses, barber shops, public conveyances on land or water, theatres, and all other places of public accommodation and amusement, subject only to the conditions and limitations established by law and applicable alike to all citizens.

"Section 4129. That any person who shall violate any of the provisions of the foregoing section by denying to any citizen, except for reasons applicable alike to all citizens of every race and color, and regardless of color or race, the full enjoyment of any of the accommodations, advantages, facilities or privileges in said section enumerated, or by aiding or inciting such denial, shall for every such offense forfeit and pay a sum of not less than fifty (50) dollars nor more than five hundred (500) dollars to the person aggrieved thereby, to be recovered in any court of competent jurisdiction in the county where said offense was committed; and shall also for every such offense be deemed guilty of a misdemeanor; and,

upon conviction thereof, shall be fined in any sum not less than ten (10) dollars, or more than three hundred (300) dollars, or shall be imprisoned not more than one year, or both; and, Provided, further, That a judgment in favor of the party aggrieved, or punishment upon an indictment or information shall be a bar to either prosecution, respectively."

Bergin was the cashier and in charge of a Denver restaurant. One evening in April, 1931, Crosswaith entered the restaurant, being accompanied by two white persons, and ordered food. According to testimony introduced, Bergin said to Crosswaith, indicating the latter's companions: "It's no use of you all waiting here. I will serve these people, but you [indicating Crosswaith] will have to eat in the kitchen if you want to eat here." Crosswaith and the other two waited for a considerable period and, not being served, went away.

The statute above quoted has by this court been held to be constitutional. *Darius v. Apostolos,* 68 Colo. 323, 190 Pac. 510.

Counsel for Bergin moved for a nonsuit on the ground that "there is nothing to show here that there was any discrimination made so far as this man is concerned * * * they were seated at a table." And he further stated "they have not proven five cents damages." Under the evidence before us, however, there was undoubtedly the kind of discrimination against which the law is obviously aimed. As for pecuniary damage, no proof of it is necessary, though evidence was introduced to show that some was actually suffered by Crosswaith.

It is clear from the record that the county court did not consider the credibility or weight of the evidence. In the condition that the case stood when the motion for a nonsuit was made, the direct evidence together with the inferences that could reasonably be drawn therefrom was uncontradicted in all material respects. It would have been ample, taken by itself, to support an affirmative

judgment. The trial court erred in granting the nonsuit and dismissing the case.

Judgment reversed and cause remanded for a new trial.