EVERETT B. HANKINS, ADMINISTRATOR, APPELLANT, v.
HERMAN M. REIMERS, APPELLEE.

FILED MARCH 10, 1910.   No. 15,952.

1. Master and Servant: INJURY: PLEADING.  Allegations in a petition
   that a master unlawfully, wrongfully and negligently directed
   his infant servant to dig a cave in the side of a hill under cir-
   cumstances particularly alleged, making it dangerous to life and
   limb to work in said excavation, in effect charges that the master
   had knowledge or in reason ought to have known of the danger
   surrounding such work.

2. ———: ———: LIABILITY.  If the employment of an infant under
   the age of 16 years, contrary to the provisions of the statute, is
   the proximate cause of an injury to the child, his master is
   liable therefor.

3. Negligence: INSTRUCTIONS.  The word "accident" is ordinarily used
   to define that which happens unexpectedly, or without design,
   regardless of the fault of any individual; but it is erroneous
   to instruct the jury in an action for negligence to find for the
   defendant if the injuries referred to in the petition were caused
   by an accident, unless they are further instructed that, to so
   acquit, they must find that defendant's fault or negligence was
   not a proximate cause of the injury.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed.*

*Wilcox & Halligan*, for appellant.

*Hoagland & Hoagland* and *J. G. Beeler*, contra.

ROOT, J.

This action is prosecuted against a master for damages flowing from the death of his infant servant, alleged to have been caused by the master's negligence. Defendant prevailed, and plaintiff appeals.

1. Defendant contends the petition is fatally defective because the pleader did not state therein that defendant knew the work his servant was performing, at the time of his death, was dangerous. Plaintiff states in his petition that the deceased was under 16 years of age at the time of his death; was ignorant of the dangers incident to said work, and incapable, because of his immaturity, of appreciating them; that defendant, the master, "unlawfully, wrongfully and negligently" directed said servant to work in a cave under circumstances detailed at length which plaintiff charges made the cave a place dangerous to life and limb to work in. While a direct allegation that the master knew said work was dangerous would be more satisfactory, we think the pleader, in effect, does charge that knowledge, and, in conformity with the spirit of the code, we shall so hold for the purposes of this appeal. *Chicago, B. & Q. R. Co. v. Kellogg*, 55 Neb. 748.

2. Plaintiff argues that the district court ignored section 5490, Ann. St. 1909, which provides: "No child under the age of sixteen years shall be employed in any work which by reason of the nature of the work, or place of performance, is dangerous to life or limb or in which its health may be injured or its morals may be depraved. Any parent, guardian, or other person, who having under

his control any child, causes or permits said child to work or be employed in violation of this section shall be deemed guilty of a misdemeanor and upon conviction shall be fined", etc.   There is an allegation in the petition that the deceased, at the time of the accident, was under the age of 16 years, and the work he was directed by his master to do was dangerous to life and limb, but we find nothing in plaintiff's request for instructions to indicate he asserted a right by reason of a violation of said statute. The court gave all of the instructions requested by plaintiff, and they were prepared on the theory that the case is controlled by the general law of master and servant independently of said statute.   Plaintiff, having induced the court to adopt one theory, ought not to complain because a different doctrine was not followed.   *Dawson v. Williams,* 37 Neb. 1; *American Fire Ins. Co. v. Landfare,* 56 Neb. 482.   Both parties have discussed section 5490, *supra,* and, as the case must be reversed, we think it proper for their guidance to consider the point.   The statute is part of the child labor law.   Laws 1907, ch. 66, sec. 13.   Section 1 of that act prohibits the employment of children under the age of 14 years in certain vocations or places, and section 2 thereof forbids the employment of children between 14 and 16 years of age in those vocations or places except on certain conditions. Section 10 of the act limits the hours in any one day wherein children under the age of 16 may labor in certain employments.   It is competent for the legislature in the exercise of the police power to fix an age below which children may not lawfully be employed in dangerous occupations.   *Lenahan v. Pittston Coal Mining Co.,* 218 Pa. St. 311; *Stehle v. Jaeger Automatic Machine Co.,* 220 Pa. St. 617.   The legislature may either designate such employments by name or it may prohibit child labor in dangerous work.   In the latter event it is a question of fact, in each case to be ascertained from a consideration of the evidence, if not admitted in the answer, whether the work is dangerous.   Proof that the child was injured

would not in itself establish that the work was dangerous within the meaning of the law. To bring a case within the statute, we think the work must have been inherently dangerous to life or limb as a matter of common knowledge, or dangerous to life or limb because of the manner in which the master directed its performance, or because he negligently failed to properly instruct his servant or to superintend such work. If an infant is injured as the proximate result of engaging at his master's request in a vocation which the legislature has forbidden an infant of that age to follow, the master is liable. *Lenahan v. Pittston Coal Mining Co., supra; Platte v. Southern Photo Material Co.,* 4 Ga. App. 159, 60 S. E. 1068; *Starnes v. Albion Mfg. Co.,* 147 N. Car. 556, 61 S. E. 525; *Leathers v. Blackwell Durham Tobacco Co.,* 144 N. Car. 330.

3. The court, at defendant's request, instructed the jury: "The court instructs the jury that an accident is an event or occurrence which happens unexpectedly, from the uncontrollable operations of nature alone and without human agency; or it is an event resulting undesignedly and unexpectedly from human agency alone, or from the joint operation of both. It may be an event from an unknown cause, or an unknown event from a known cause; a chance or casualty. If from the evidence in this case you believe that the death of Canna O. Spencer was the result of an accident, then the defendant would not be liable, and the plaintiff in such case cannot recover in this action."

A person guilty of negligence ordinarily does not anticipate the consequences of his acts or intend that any one shall be injured by what he has done or omitted to do. Men are injured in countless ways where it can be readily understood after, and it ought to have been known before, the event, that the exercise of ordinary care would have prevented the injury, and the responsible person is held liable, even though he did not design or expect the results that followed his default. *Nave v. Flack,* 90 Ind.

205, 46 Am. Rep. 205. The court should have qualified the instruction by stating that, if defendant's negligence was not a proximate cause of the injury, he would not be liable. *City of Chicago v. Sheehan,* 113 Ill. 658; *Kellar v. Shippee,* 45 Ill. App. 377; *Nelson v. Richardson,* 108 Ill. App. 121. Given without qualifications, the instruction is erroneous. Defendant argues that an identical instruction was commended in *Ellick v. Wilson,* 58 Neb. 584. In that case the defendant in error had recovered a judgment against the plaintiff in error for his negligent acts. Plaintiff in error insisted that the injuries were caused by an accident. The definition of an accident and its application to the facts in that case were favorable to defendant, and followed a request made by him for an instruction upon that point. The instructions were not set out in the opinion, and their approval should be considered with reference to the particular case, and the fact that the defendant and not the plaintiff in the district court made complaint with respect thereto.

4. Defendant's witnesses were permitted, over plaintiff's objections, to give their opinion as to whether it was safe to dig caves in the banks of cañons in the neighborhood of defendant's farm and safe to excavate the cave where the boy was killed. The witnesses were not confined to a description of the soil in the walls of the cañon, nor the results following the excavation of the caves therein, but expressed their opinions as to whether or not it was dangerous to dig such caverns. There was nothing complicated or peculiar in the facts from which the witnesses drew their conclusions, and the jurors were as well qualified to make correct deductions, after being informed concerning the facts, as were the witnesses. We think the witnesses should have stated the facts, and the jury would determine whether the work was dangerous or otherwise. *Virginia Iron, Coal & Coke Co. v. Tomlinson's Adm'r,* 104 Va. 249. These witnesses stated that it was dangerous to dig a cave in the manner attempted by the deceased, and their testimony was not prejudicial to plain-

tiff except on the issue of the deceased's contributory negligence.

Defendant insists that the evidence will not support a verdict in favor of plaintiff, but we are not justified in holding, as matter of law, that a jury could not lawfully find defendant guilty of negligence.

For the reasons stated, the judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.