JESSE CASTEEL, a Minor, etc., Appellee, v. THE PITTS-BURG VITRIFIED PAVING & BUILDING BRICK COMPANY, Appellant.

No. 16,721.

SYLLABUS BY THE COURT.

1. CHILD LABOR LAW—Right of Action for Damages—Injury to Child—Dangerous Occupation. Under the statute (Laws 1909, ch. 65, §§ 2, 5) providing that "no person under sixteen years of age shall be employed at any occupation nor at any place dangerous or injurious to life, limb, health or morals," and providing a penalty for a violation of such provision, an employee less than sixteen years old who is injured at such an occupation may recover damages against his employer, although the statute does not in terms give him a right of action.

2. ——— Proof that Defendant Knew Occupation Was Dangerous. In such an action it is not necessary for the plaintiff to prove that the defendant knew that his occupation was dangerous.

3. ——— Dangerous Occupation—Question of Fact. Ordinarily whether a particular occupation is dangerous within the meaning of the statute is a question of fact.

4. WORDS AND PHRASES—"Dangerous Occupation." An occupation is dangerous within the meaning of the statute whenever there is reason to anticipate injury to the person engaged in it, whether the risk arises from the inherent character of the work or the manner in which it is carried on, even although the danger may be eliminated by the exercise of due care and skill on the part of the employee.

5. CHILD LABOR LAW—*Violation of Statute the Proximate Cause of Injury to Employee.* Where the employment of a person under sixteen years of age is unlawful because his occupation exposes him to danger, and in the course of his work he is injured in consequence of such exposure, the violation of the law is the proximate cause of the injury.

6. —— *Injury to Employee—Dangerous Occupation—Proximate Cause.* In an action under the statute the evidence tended to show these facts: The plaintiff was required to ride upon a dumping car, drawn by a horse over a rough track abounding in curves and running close to a steep bank of shale; the car often jumped the track; the box, the top of which was five feet from the ground, was arranged so as to empty to either side, and had lateral play of several inches; he was instructed to keep the car in balance by shifting his position; a wheel struck a lump of shale near the track and the car stopped, throwing him out and breaking his arm. *Held,* that the jury were justified in finding that the plaintiff's occupation was dangerous and that the violation of the statute was the proximate cause of his injury.

Appeal from Crawford district court. Opinion filed December 10, 1910. Affirmed.

*William Warner, O. H. Dean, W. D. McLeod,* and *H. C. Timmonds,* for the appellant.

*F. B. Wheeler, A. M. Keene,* and *E. C. Gates,* for the appellee.

The opinion of the court was delivered by

MASON, J.: Jesse Casteel, between fifteen and sixteen years old, was injured while in the employ of the Pittsburg Vitrified Paving & Building Brick Company. He sued the company, and recovered upon the theory that his employment was in violation of the statute providing that "no person under sixteen years of age shall be employed at any occupation nor at any place dangerous or injurious to life, limb, health or morals," and making it a misdemeanor to employ such a person in violation of that provision. (Laws 1905, ch. 278, §§ 1, 4, Laws 1909, ch. 65, §§ 2, 5, Gen. Stat. 1909, §§ 5095, 5098.) The defendant appeals, its principal

contention being that the evidence was insufficient to show that the plaintiff was employed at any occupation or at any place that was "dangerous" within the meaning of the statute.

The evidence tended to show, and therefore for the present purpose may be regarded as having shown, these facts: The defendant was engaged in the manufacture of brick. Shale for use in the process was excavated by a steam shovel and loaded into dumping cars, which were drawn by a horse along a track for a distance of about 800 feet and then hoisted up an incline by machinery to the brick plant. The plaintiff's employment required him to ride upon the loaded cars from the shale pit to the incline, and upon empty cars on the return trip, driving the horse, which, however, was so well trained that no lines were used or needed. The car was not provided with a brake. The track was of uneven height, and curved often. For a part of the distance it ran so close to a perpendicular bank of shale, about twenty feet high, that the cars frequently scraped it in passing. The rails were about two feet and a half apart. The wheels were fourteen inches in diameter; the distance between the front and rear pair was two feet. The box was seven feet long, five feet wide, and fifteen inches deep, its top being five feet above the track. Each corner was fastened to the truck below it by a chain, and the car was emptied to either side by unfastening the chains on the other. The chains were loose, having about three or four inches slack, allowing that amount of play to the box, which swayed from one side to the other according to the inclination of the track and the disposition of the load. The plaintiff was directed so to ride the car as to keep it in balance by the weight of his body—to shift his position in going around curves to keep the car from jumping the track, which it did quite often, sometimes four or five times a day, more often when it was empty. Pieces of shale would sometimes fall to the track from the bank or from the cars. These were usually soon removed by

other employees. On the day of his injury the plaintiff was riding in the front end of an empty car on the side opposite the high bank, in accordance with his instructions. A lump of shale about fourteen inches long and four or five inches thick each way had become wedged between the bank and the nearer rail. The horse was walking fast, when the hub of the forward wheel struck the shale, stopping the car and throwing the plaintiff to the ground, his arm being broken in the fall.

The statute provides a penalty for its violation but does not in terms give a right of action to any one injured thereby. Nevertheless, by the weight of authority and the better reason, such right exists. (*Harrod v. Latham*, 77 Kan. 466. See notes in 7 L. R. A., n. s., 335, and 9 L. R. A., n. s., 385; 2 Labatt, Mas. & Ser. §§ 799, 800.)

The defendant maintains that the plaintiff's occupation was not dangerous, but safe, since he had merely to drive a gentle horse a short distance back and forth, hitching and unhitching it to the cars, having no loading or unloading or lifting or carrying to do, and not being engaged about any machinery; that if he became exposed to any risk in the course of his employment through the failure of his employer to take proper precautions for his safety his remedy was in an action for common-law negligence, and not under the statute. Ordinarily whether an occupation is dangerous within the meaning of such a statute is a question of fact for the jury. (*Hickey v. Taaffe*, 39 N. Y. Supr. Ct. 7; *Gallenkamp v. Garvin Machine Co.*, 91 N. Y. Supr. Ct., App. Div., 141; *Braasch v. Michigan Stove Co.*, 153 Mich. 652, 655; *Hankins v. Reimers*, 86 Neb. 307, 309.) Both New York cases cited were reversed by the court of appeals (*Hickey v. Taaffe*, 99 N. Y. 204; *Gallenkamp v. Garvin Machine Co.*, 179 N. Y. 588), the first upon a different question. In the latter case the court of last resort adopted a dissenting opinion, which seems to support the theory that a statute forbidding the em-

ployment of children at dangerous machinery has no application to a machine which is safe when carefully and skillfully handled. We do not accept that view. We think that an occupation is dangerous within the meaning of the Kansas act whenever there is reason to anticipate injury to the person engaged in it, whether the risk arises from the inherent character of the work or the manner in which it is in fact carried on, even although the danger may be reduced or eliminated by the exercise of due care and skill on the part of the employee. (See *Frank Unnewehr Co. v. Standard Life & A. Ins. Co.,* 99 C. C. A. 490, and cases there cited.) A contrary view would defeat one of the manifest objects of the statute, which is to give a peculiar protection to children because they have peculiar need of it— to prevent their being so placed that their inexperience and immaturity would expose them to peril. In the present case it makes no difference whether the plaintiff was set at a task which was safe when he was employed but became dangerous by reason of subsequent acts of the employer, or whether it was unsafe from the beginning. The defendant's liability depends upon whether the plaintiff's occupation as it was carried on at the time of the accident was such as to give reasonable ground to anticipate an injury, and we think that was a fair question for the determination of the jury. We can not say as a matter of law that the defendant could not reasonably have expected such an accident as happened, or some similar one. The likelihood of the plaintiff's being jolted from the car was suggested by the roughness of the track, the frequent curves, the nearness of the wall of shale, the readiness with which the car left the rails, and especially by the unstable poise of the box and the duty assigned the plaintiff to keep it in balance by shifting his own position.

The contention is also made that there was no evidence that the violation of the statute was the proximate cause of the plaintiff's injury. The jury were

justified in finding, and must be deemed to have found, that the defendant unlawfully employed the plaintiff at an occupation that placed him in peril; that he was injured in the course of his employment in consequence of that peril; that what happened was one of the very things the statute was intended to prevent. Such findings establish the necessary causal relation between the disobedience of the statute and the plaintiff's injury. (21 A. & E. Encycl. of L. 480-482; *Leathers v. Tobacco Co.*, 144 N. C. 330; *Starnes v. Manufacturing Co.*, 147 N. C. 556; *Syneszewski v. Schmidt*, 153 Mich. 438; *Perry v. Tozer*, 90 Minn. 431, 437; 7 L. R. A., n. s., 337, second column of the note.) In *Roberts v. Taylor*, 31 Ont. 10, it is held in effect that the violation of the statute is not shown to be the proximate cause of the injury unless there is proof that the immaturity of the child contributed to the injury. We think this too rigorous a requirement. There is always at least this much connection between the youth of the employee and his injury—if he had been older he might have refused the dangerous employment.

A part of the defendant's argument is based upon the theory that whatever danger there was in the plaintiff's employment originated with the lodging of the lump of shale against the track. But the evidence warranted the view that a similar situation was likely to arise at any time and that the plaintiff was in constant peril of being thrown from the car in the same or some similar way.

Complaint is made of the admission of evidence showing all of the circumstances surrounding the incident. Some of it may have been unnecessary, but none of it was prejudicial.

The contention is made that no recovery could be had unless the defendant knew the plaintiff's occupation to be dangerous. The statute, however, bases liability upon the fact of danger, not upon the employer's knowledge of it. Even a mistaken belief that the em-

ployee is over the prescribed age is held not to be a defense. (*City of New York v. Chelsea Jute Mills*, 88 N. Y. Supp. 1085. See note in 20 L. R. A., n. s., 500.) The case of *Koester v. Rochester Candy Works*, 194 N. Y. 92, is to the contrary.

The judgment is affirmed.