FOURTH DISTRICT—NOVEMBER, 1911.    371

McNally v. Standard Railway Equipment Co., 165 Ill. App. 371.

## William McNally, Appellee, v. Standard Railway Equipment Company, Appellant.

1. EMPLOYMENT ACT—*construed*. If a child over the age of 14 but under the age of 16 years, who has been employed to operate forbidden machinery, is injured while attempting, as a mere volunteer, to operate another and different machine, he cannot recover.

2. EMPLOYMENT ACT—*construed*. A drill press used to drill holes in metal is not forbidden machinery within the meaning of section 20j of the Employment Act.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1911. Reversed. Opinion filed November 11, 1911.

CARR & CARR, for appellant.

WEBB, WEBB & NEWBY, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellee recovered a judgment for the sum of one hundred and fifty dollars damages for an injury received by him to the index finger of his right hand while in the employment of appellant in its manufacturing plant.

It appeared from the evidence that plaintiff was a minor six days under the age of fifteen years; that he was employed in the plant of appellant in which it had machinery of divers kinds for the manufacture of machine parts and tools, driven by means of belts and pulleys, by steam power. Among other machines it had what was called by the witnesses drill presses used to drill holes in pieces of metal and were not used for boring in wood. As the appellee was not injured by a drill press it is not necessary to describe its operation. Appellee at the time of the injury was

372    APPELLATE COURTS OF ILLINOIS.

McNally v. Standard Railway Equipment Co., 165 Ill. App. 371.

and had been employed in operating one of the drill presses in drilling holes in metal, and at the time he was injured he had gone to another machine called a disc wheel without any direction from appellant to make a dowel pin to be used by him in holding in place upon a blank, the piece drilled on the drill press. He had been supplied by appellant with a dowel pin for the purpose which had been lost. In attempting to make the dowel pin his finger came in contact with the disc wheel.

Liability for the injury was based upon the theory that the employment of appellee upon the drill press in appellant's plant was unlawful and therefore if injured therein appellant was liable without regard to the place where, or the circumstances under which the injury was received.

Sec. 20 j, chapter 48, Rev. Stat., entitled "Employment" provides that no child under the age of sixteen years shall be employed in a number of capacities therein mentioned, and among such forbidden employments is that of "wood turning or boring machinery" and it is claimed by appellee that the machine upon which he was employed came within the description of such forbidden machinery. The employment of children under fourteen is forbidden in manufacturing establishments by section 20 of the act and it has been held that an employer of a child under fourteen to work in such establishment is liable for an injury to the child, although at the time of the injury he had left the work he was employed to do, and was attempting work he had not been directed to do or which he had been forbidden to do, and that contributory negligence was no defense to an action to recover for the injury; that such employment in any capacity in the establishment being forbidden, the employer was liable for an injury to the child resulting from the performance of services for it whether those services were in the line he was directed to perform or not, and that

FOURTH DISTRICT—NOVEMBER, 1911.    373

McNally v. Standard Railway Equipment Co., 165 Ill. App. 371.

if the employer chose to violate the law by employing a minor under the age of fourteen it assumed the burden of protecting him while engaged in such employment.    Strafford v. Republic Iron Co., 238 Ill. 371.

This rule has no application to the case before us. The employment of appellee who was more than fourteen in appellant's establishment, was not forbidden.    The employment upon certain described machinery was only forbidden, and aside from this his employment was lawful.

In such case if the employe leaves the machine upon which he is employed and is injured by attempting as a mere volunteer to operate another machine in the plant without any direction from the employer, such intermeddling with a machine would not be·in the line of his duty and there could be no recovery, notwithstanding he may have been employed to work on a machine forbidden by the statute.

Even if it could be said that his employment on a forbidden machine would make the master liable for any injury resulting to him in the plant, yet we are of opinion that the drill press described in the evidence upon which appellee was employed was not a forbidden machine.    We are of opinion the words "wood turning or boring machinery" forbidden by the statute mean wood boring machinery and do not include a drill press used to drill holes in metal.

There being no evidence tending to prove a liability on the part of appellant for the injury sustained, the judgment will be reversed.

*Reversed.*

Finding of facts to be incorporated in the judgment. We find there was no negligence on the part of appellant contributing in any manner to appellee's injury, and further find that his employment in appellant's plant was not prohibited by statute.