Staunton.

CLINCHFIELD COAL CORPORATION V. COUCH.

September 16, 1920.

1. MINES AND MINERALS—*Action Against Mining Company for Injury to Miner—Evidence Sufficient to Support Verdict for Plaintiff.*—Plaintiff was employed by defendant in its coal mine. He and a companion were directed to carry a coal-cutting machine to a certain place in the mine. The machine was being pushed by a gathering motor and plaintiff was sitting on it on the lookout. On the track there was a standing car or cars on which there were no lights, and the place was dark, though plaintiff had a carbide light on his cap. When within twenty-five or thirty feet plaintiff discovered the cars on the track, signaled and hallooed to his companion who was operating the motor, and finding that he did not respond, jumped and suffered slight injuries.

   *Held:* That there was sufficient evidence to justify recovery by the plaintiff on the ground that he was exposed to unnecessary peril by his employer, without sufficient warning.

2. INFANTS—*Release—Repudiation of Contract—Return of Consideration.*—The rule as to the return of the consideration received upon the repudiation of a contract by an infant, before the infant may maintain an action, is not the same where the infant's rights grow out of a tort as it is in those cases where the infant sells and conveys his property, or enters into executory contracts with reference thereto.

3. INFANTS—*Release of Damages—Return of Consideration.*—When an infant has compromised his claim for damages for a personal injury and executed a release of his cause of action, he may, after he attains his majority, repudiate such compromise and recover just damages, but he must credit thereon the sum which he received by way of compromise and settlement.

4. INFANTS—*Repudiation of Release—Return of Compensation—Instructions.*—In an action for injuries to an infant, where the infant had executed a release, which he repudiated upon coming of age, the jury should have been told that if they believed the amount allowed by way of compromise was sufficient

compensation for the injury suffered, then that they should find for the defendant; but if they believed from the evidence that the plaintiff was entitled to recover, but that the amount already received was inadequate and not compensatory, then they should allow him only such additional amount as was justified by the evidence. An instruction directing the jury to disregard the release is improper.

5. APPEAL AND ERROR—*Judgment of Appellate Court—Section 6365, Code of 1919.*—Where in an action for personal injuries the jury were told to disregard a release executed by the plaintiff when a minor, the Supreme Court of Appeals will not remand the case when they do not believe that the interests of justice require it, but will render final judgment upon the merits, crediting the judgment of the lower court with the amount received by the plaintiff by way of compromise, and affirming the judgment thus amended.

Error to a judgment of the Circuit Court of Russell county in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Amended and affirmed.*

The opinion states the case.

*Burns & Kidd* and *Morison, Morison & Robertson,* for the plaintiff in error.

*M. M. Long* and *Chapman, Peery & Buchanan,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The Clinchfield Coal Corporation, hereinafter called the defendant, complains of a judgment in favor of Carl Couch for $400, in an action for personal injury.

[1] Without reciting all of the details, the circumstances of the accident are these: The plaintiff was employed by the defendant in its coal mine. He and his companion had been directed to· carry a coal-cutting machine to a certain

place in the mine, and this machine was being pushed in by a gathering motor. The plaintiff was sitting on the machine on the lookout for danger. There was a standing car or cars on the track over which the cutting machine was being propelled by the motor, on which there were no lights, and the place was dark, though the plaintiff had a carbide light on his cap. While they were thus proceeding he discovered the cars on the track some twenty-five or thirty feet ahead of them, and having signalled and hallooed to his companion who was operating the motor, and finding that he did not respond, the plaintiff jumped to escape the impending peril and suffered slight injuries.

Upon the merits of the case it appears that excluding certain evidence which is complained of as irrelevant and inadmissible, there is sufficient evidence to justify the recovery upon the ground that the plaintiff was exposed to unnecessary peril by his employer, without sufficient warning. We do not feel, therefore, that in this case it is necessary to discuss several of the alleged errors, as they present no novel questions, though some of them are close and difficult, because, as stated, the evidence is sufficient to justify the recovery. The assignment, however, which does require serious consideration arises because the plaintiff was an infant at the time of his injury, that he compromised his claim against the company, and received in settlement thereof the sum of $139.14 in consideration of his release of the company.

The accident occurred on the night of April 16, 1915, the release was executed May 21, 1915, he attained his majority March 3, 1916, and instituted this action March 1, 1917, just two days before it would have been barred by the Virginia statute. Code 1919, sections 5818 and 5823.

One of the instructions reads thus: "If the jury believe from the evidence that when Carl Couch signed the release dated May 21, 1915, introduced in evidence, he was under

the age of twenty-one years, then in the eye of the law, he was an infant, and is conclusively presumed not to have had sufficient discretion and judgment to enter into a contract, and therefore he is not bound by it; and the bringing of this suit is sufficient disaffirmance and the jury must disregard the said release."

[2] The giving of this instruction is assigned as error, and the claim is made that the infant, although he had the right to repudiate his contract, before being permitted to maintain an action, should be required to return the amount he had received by way of compromise. The rule is not the same where the infant's rights grow out of a tort as it is in those cases where the infant sells and conveys his property, or enters into executory contracts with reference thereto. That subject is discussed in these Virginia cases: *Mustard* v. *Wohlford,* 15 Gratt. (56 Va.) 329, 76 Am. Dec. 209; *Bedinger* v. *Wharton,* 27 Gratt. (68 Va.) 858; *Abernathy* v. *Phillips,* 82 Va. 773, 1 S. E. 113.

[3] The rule in cases like this may be thus stated: When an infant has compromised his claim for damages for a personal injury and executed a release of his cause of action, he may, after he attains his majority, repudiate such compromise and recover just damages, but he must credit thereon the sum which he received by way of compromise and settlement. 14 R. C. L. 243. These cases support this view.

In *Baker* v. *Lovett,* 6 Mass. 78, 4 Am. Dec. 88, it is said, referring to the general doctrine on the subject: "The law, however, will not admit these principles to be made an engine of fraud and injustice, and in the case at bar, if the jury on the trial are convinced that the satisfaction received * * * was a compensation for the injury, they will assess for the plaintiff but nominal damages. But if the compensation should be found inadequate, the jury will give such further sum as, with the money received * * *

will amount to a reasonable satisfaction. The law very properly will not trust an infant to fix a value on his own rights. But this power is devolved on a jury, who will do justice to all parties."

The same rule is applied in *Bonner & Eddy* v. *Bryant,* 79 Tex. 540, 15 S. W. 491, 23 Am. St. Rep. 361. There the defendants had furnished the plaintiff with an artificial leg and received a release of damages, and the court held that if the plaintiff recovered the defendant should be allowed the value of the artificial leg so furnished.

In *Worthy* v. *Jonesville Oil Mill,* 77 S. C. 69, 57 S. E. 634, 11 L. R. A. (N. S.) 690, 12 Am. & Eng. Ann. Cas. 688, Woods, J., says, referring to the same subject: "The law, however, will not allow an infant to perpetrate a fraud; and where he executes a release for value, the jury should inquire to what extent he has been really benefited by the consideration paid, and take that into account in finding a verdict in his favor for damages." *St. Louis, etc., R. Co.* v. *Higgins,* 44 Ark. 293.

In these cases, also, the plaintiffs in actions for personal injury who had executed releases which they claimed were either void or voidable, though adults, were allowed to sue without being required to tender the amount which had been received by way of settlement:

In *O'Brien* v. *Chicago, Milwaukee & St. Paul Ry. Co.,* 89 Ia. 644, 57 N. W. 425, it is held that the settlement with the plaintiff having been procured by fraud, and he being entitled to receive the benefits thereunder, either by virtue of the settlement or of the defendant's original liability, a tender of the amount received under the settlement was not necessary before the action could be maintained.

So, in *Chicago, Rock Island & Pac. R. Co.* v. *Doyle,* 18 Kan. 58, it is held that where the plaintiff executed a paper purporting to be a release, discharging his right of action against the railroad company for injuries complained of,

and at the time of executing it he was so much under the influence of drugs and opiates taken to relieve his pain as to be mentally incapacitated to make a contract, such a release is voidable and not a defense to his cause of action, but that it was not necessary for him to return or offer to return the amount received as a condition precedent to his right to sue on his claim for damages; and that on the trial the jury had the right to give the company credit for the amount paid at the time the alleged release was signed. A like doctrine is approved in *Jones* v. *Railway Co.*, 72 Miss. 31, 16 So. 379, and in *The Oriental* v. *Barclay*, 16 Tex. Civ. App. 193, 41 S. W. 117.

[4, 5] We approve this doctrine in cases of this character. The jury should have been also told that if they believed the amount allowed by way of compromise was sufficient compensation for the injury suffered, then that they should find for the defendant; but if they believed from the evidence that he was entitled to recover, but that the amount already received was inadequate and not compensatory, then they should allow him only such additional amount as was justified by the evidence. In this case the jury was directed to disregard the release, and we assume that they obeyed that instruction and allowed the plaintiff the amount which they deemed sufficient compensatory damages. Taking this view, and in accord with Code 1919, section 6365, we shall not remand this case, because we do not believe that the interests of justice require it, but shall render final judgment upon the merits because the facts appear to be sufficient to enable us to attain the ends of justice.

Our conclusion, therefore, is to credit the judgment with $139.14, the amount received by the plaintiff by way of compromise, and as thus amended to affirm the judgment of the trial court.

*Amended and affirmed.*