ALFRED HARVEY v. JEROME F. RUFF AND ANOTHER.[1]

June 26, 1925.

No. 24,576.

**Employment certificate required of employer of minor of school age is one for employment during school hours.**

1. Time during which schools are "in session" under section 4095, G. S. 1923, is construed as meaning school hours and not the school term.

**Complaint did not state cause of action under G. S. 1923, § 4103.**

2. A complaint construed and *held* not to state a cause of action arising out of an unlawful employment within the meaning of section 4103, G. S. 1923.

[1]Reported in 204 N. W. 634.

**Error to admit evidence to support cause of action excluded by court.**

3. A complaint stated a cause of action arising out of an alleged violation of section 4095, G. S. 1923. Upon trial plaintiff's motion to amend so as to make the complaint state a cause of action in violation of section 4103, G. S. 1923, was denied. The court, over defendants' objections, permitted plaintiff to introduce evidence in support of the cause of action excluded by the denial of the amendment and submitted to the jury the question which would have been in the case had the amendment been allowed. This was error.

**Definition of "dangerous" in section 4103.**

4. An employment is dangerous within section 4103, G. S. 1923, whenever there is reasonable cause to anticipate injury to the person engaged in it whether the risk comes from the inherent character of the work or whether it comes from the manner in which the work is done.

1. See Infants, 31 C. J. p. 996, § 16.
2. See Master and Servant, 26 Cyc. p. 1392.
3. See Master and Servant, 26 Cyc. pp. 1405, 1494; Trial 38 Cyc. p. 1615.
4. See Dangerous, 17 C. J. p. 1128; Master and Servant, 26 Cyc. p. 108.

Action in the district court for Hennepin county. The case was tried before Salmon, J., and a jury which returned a verdict in favor of plaintiff. Defendants appealed from an order denying their motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*Cobb, Wheelwright, Hoke & Benson* and *Eloi Bauers,* for appellants.
*C. E. Warner* and *McDowell & Fosseen,* for respondent.

WILSON, C. J.

Defendants conducted a grocery store and used an automobile truck for delivery. Edward Harvey, who will herein be named as plaintiff, was a 14-year old school boy and was employed by defendants to work for them on Saturdays and school holidays. No certificate or permit was procured under section 4095, G. S. 1923. His duties required him at times to go with the truck to make de-

liveries. It was driven by another and the plaintiff and another boy would carry the orders from the curb, or stop, to the customers and return the boxes to the truck. The delivery boy then stepped on a brace at the rear and swung himself into the rear of the truck. Plaintiff was thus on the truck and it backed and caught him between the truck and a telephone pole causing the injury. Defendants were subject to and operating under the Workmen's Compensation Act. Plaintiff was given a verdict for $1,000 in an action for damages and defendants have appealed from an order denying their alternative motion for judgment or a new trial.

If plaintiff's employment was lawful he would be restricted for his relief to the Workmen's Compensation Act. The action is brought on the theory that the employment was unlawful because of the failure to procure the certificate required by section 4095, G. S. 1923. The statute requires the certificate to be kept accessible to the truant officer when such minor is employed during the time school is in session. The purpose of the statute is to secure the attendance at school. So long as this is accomplished we cannot imagine why a truant officer should spend his time with a certificate relating to an industrious youth working outside of school hours. Obviously the statute requires the employment certificate only in cases where the minor is employed during school hours. It does not mean that he may not be employed during the school term. The statute has no application to the employment of a minor on Saturdays, holidays or after school hours.

The complaint is not susceptible to the construction that it alleges an unlawful employment because "dangerous to the life or limb" within the meaning of section 4103, G. S. 1923. Soon after the commencement of the trial plaintiff asked permission to so amend the complaint as to state a cause of action under this statute. The objection thereto was sustained. Then over defendant's objection plaintiff proceeded to introduce evidence to show that the manner of operating the truck—not the inherent character of the truck—in connection with plaintiff's work made his employment dangerous within the meaning of the statute. Westerlund v. Ket-

tle River Co. 137 Minn. 24, 162 N. W. 680; Braasch v. Michigan Stove Co. 153 Mich. 652, 118 N. W. 366, 20 L. R. A. (N. S.) 500; Casteel v. Pittsburg Vitrified Pav. & Bldg. Brick Co. 83 Kan. 533, 112 Pac. 145, 17 C. J. 1128. The employment is dangerous whenever there is reasonable cause to anticipate injury to the person engaged in it whether the risk comes from the inherent character of the work or whether it comes from the manner in which the work is done. But the court then submitted to the jury the question as to whether the employment was dangerous. If the amendment to the complaint had been allowed, this would have been proper. The amendment having been disallowed, this was not within the issue, and it was error to receive the proofs and submit this element in the case. It is unnecessary to consider the other assignments of error.

Reversed.

HOLT, J. absent, illness.