Our contention is that plaintiff and defendant are in this case bound by the provisions of the Workmen's Compensation Act for three reasons: (a) The employment is not unlawful, and (b) assuming it to be unlawful, plaintiff has acquiesced in it and accepted the benefits both of medical and hospital treatment as well as the regular monthly payments of compensation in the amounts prescribed by the Compensation Law; (c) Our Compensation Law provides a remedy which is all-inclusive in personal injury actions growing out of the relation of master and servant.
To evade the provisions of this Act, not as a ground of negligence, plaintiff relies upon the fact that his employment was in violation of the Child Labor Law, particularly of section 3095 of the Revised Codes of Montana of 1921.
Plaintiff's employment was not within the prohibition of the Child Labor Law. Referring again to section 3095, it is obvious that young Burk's employment was not of the kind prohibited by that law. Our Compensation Law contemplates the employment of minors in occupations that are hazardous. The Child Labor Law prohibits the employment of such minors in certain specified occupations, and ends with the general clause "or in any occupation not herein enumerated which is known to be dangerous," which must be construed as relating to occupations of the same kind and *Page 55 
character as those specifically enumerated. In other words, the rule of ejusdem generis must be applied in construing the statute. (McNally v. Standard Ry. Equip. Co., 165 Ill. App. 371;Southerland v. Rockford etc. Ry., 165 Ill. App. 80;Williams v. Southern P. Co., 173 Cal. 525, 160 P. 660,664; Maryland Casualty Co. v. Scruggs (Tex.Civ.App.),277 S.W. 768; Helena Light Ry. Co. v. City of Helena, 47 Mont. 18,130 P. 446; McLaughlin v. Bardsen, 50 Mont. 177,145 P. 954; Page v. New York Realty Co., 59 Mont. 305,196 P. 871; Thaanum v. Bynum Irr. Dist., 72 Mont. 221, 232 P. 528;Galveston, H. H.R. Co. v. Anderson (Tex.Civ.App.),229 S.W. 998; 12 C.J. 707.)
The driving of a team in the country and hauling logs for the purpose of clearing a right of way across farm lands is not one of the occupations in which the employment of minors is forbidden under section 3095 of the Revised Codes of Montana of 1921. It is not specifically enumerated in the Act. It is not of the same kind or character as any which are specifically enumerated. It is employment of a wholly different type from any of those forbidden by the Child Labor Law. The rule of ejusdem generis excludes the occupation at which young Burk was employed from the provisions of the law.
Section 3095 is uncertain, and therefore void in so far as its general provision is concerned.
As has been heretofore observed, the Child Labor Law is a penal statute. Such a statute must be clear, so that the individual may know, without the aid of an attorney or the verdict of a jury, whether or not his act constitutes a violation of it, and in construing this statute, if the court should entertain any reasonable doubt as to its meaning or as to whether or not it applied in the present case, that doubt should be resolved in favor of the defendant. (In re Wisner, 36 Mont. 298,92 P. 958; Connally v. General Const. Co.,269 U.S. 385, 70 L.Ed. 322, 46 Sup. Ct. Rep. 126; Lamborn v. McAvoy, 265 Fed. 944; United States v. Bernstein, 267 Fed. 295;Chicago N.W. v. Railroad Commission, 280 Fed. 387; GeneralConstruction Co. v. Connally, 3 F.2d 666; United States *Page 56 
v. Peterson, 1 F.2d 1018; A.B. Small Co. v. AmericanSugar Refinery Co., 267 U.S. 233, 69 L.Ed. 589,45 Sup. Ct. Rep. 295; United States v. Cohen Grocery Co., 255 U.S. 81,65 L.Ed. 516, 41 Sup. Ct. Rep. 298 [see, also, Rose's U.S. Notes Supp.]; Wabash Ry. Co. v. O'Bryan, 285 Fed. 583; State v.Tuffs, 54 Mont. 20, 165 P. 1107; State v. Lutey Bros.,55 Mont. 545, 179 P. 457; Ex parte Twing, 188 Cal. 261,204 P. 1082; State v. Bailey, 115 Or. 428, 236 P. 1053; Yu CongEng v. Trinidad, 271 U.S. 500, 70 L.Ed. 1059,46 Sup. Ct. Rep. 619, 623; State v. Read, 33 Wyo. 387, 240 P. 208.)
The provisions of the Child Labor Law either were never intended to apply to the employment in which young Burk was engaged at the time of the happening of the accident, or if they were intended to so apply, they are uncertain and void, and it is too elementary for discussion to assert that in the absence of legislation to the contrary, all minors may lawfully engage in such employment as their age and capacity fit them for. If they are legally permitted to work, they are within the provisions of the Compensation Act and bound by its terms. (Adkins v. HopeEngineering Co., 81 W. Va. 449, 94 S.E. 506.)
The employment of Burk is not within the general prohibition contained in section 3095. If we should, in violation of the ruleejusdem generis, and in defiance of the decisions of this and other courts of last resort, extend the meaning of the general prohibition of the child labor statute to occupations other than those of the kind specifically enumerated, we still maintain that it would not include the occupation pursued by young Burk, since his occupation was not of itself dangerous. (Squires v.Brown, 170 Wis. 165, 174 N.W. 548; Dover v. Mayes Mfg. Co.,157 N.C. 324, 46 L.R.A. (n.s.) 199, 72 S.E. 1067.) If it were an open question whether or not a certain occupation is dangerous our statute would not apply, since it concludes with the phrase "or in any occupation not herein enumerated which is known to be dangerous or unhealthful * * *." This language is strong and of *Page 57 
the highest standard possible. "Know" means the full belief to the exclusion of doubt or uncertainty of a reasonable and prudent man, based upon convincing evidence addressed to his intelligence. (Bowers v. Atchison, T. S.F. Ry. Co.,82 Kan. 95, 107 P. 777, at 779.) It means that if there is doubt as to whether or not the occupation is dangerous, then the occupation is not within the prohibition. It is not a question to be decided by any one person's opinion. Nor is the fact that plaintiff was injured in itself sufficient to establish the dangerousness of the occupation. (Masich v. American Smelting etc. Co.,44 Mont. 36, 46, 118 P. 764; Melzer v. Peninsular Car Co.,76 Mich. 94, 42 N.W. 1078.)
Of course, if the statute be penal, it will be void for uncertainty if it requires a verdict of the jury to decide whether the admitted facts constitute a violation of the law. In cases based upon general statutes, it has been held that proof of the injury is not sufficient to establish the fact that the work is dangerous, or to bring it within the purview of the statute. In order that a statute may be made to apply, the rule is that the occupation must be inherently dangerous to life or limb as a matter of common knowledge. The fact that the plaintiff was injured by some other means but in a place that is not dangerous in itself does not change the rule. (Scialo v. Steffens,105 App. Div. 592, 94 N.Y. Supp. 305; Hickey v. Taafe, 99 N.Y. 204,1 N.E. 685; McNally v. Standard Railway Equip. Co., 165 Ill. App. Rep. 371; Schmidt v. Wisconsin Sugar Co.,175 Wis. 613, 186 N.W. 222; Antosik v. Michigan Alkali Co., 166 Mich. 415,132 N.W. 80.)
Plaintiff is bound by the Compensation Law because he accepted the benefits of it. There was just one way in which the plaintiff could repudiate his contract and nullify the legal effect of the receipt of compensation thereunder, so that he could sue at common law for injuries received while in the employ of the defendant, and that was by first restoring the consideration received under the contract. Without a disaffirmance of his contract no cause of action existed in his favor and a disaffirmance without restoration of the consideration *Page 58 
under our statute was impossible. (Stanhope v. Shambow,54 Mont. 360, 170 P. 752.) He is now estopped from repudiating the same. (Penn's Admr. v. Bates Rogers Construction Co.,183 Ky. 529, 209 S.W. 513; Bruce v. McAdoo, 65 Mont. 275,211 P. 772; Brassel v. Electric Weld. Co., 239 N.Y. 78,202 N Y Supp. 918, 145 N.E. 745; McNamara v. Eastman Kodak Co.,232 N.Y. 18, 133 N.E. 113; Clark v. Lehigh Wilkes-Barre CoalCo., 250 Pa. 304, 95 A. 462; Utermehle v. Norment,197 U.S. 40, 3 Ann. Cas. 520, 49 L.Ed. 655, 25 Sup. Ct. Rep. 291.)
The Compensation Law is exclusive. In all of the decisions of this court relative to compensation, wherein the question of the exclusiveness of the remedy afforded by the Act has been discussed, we find language most emphatically and unqualifiedly asserting that it is exclusive. (City of Butte v. IndustrialAcc. Board, 52 Mont. 75, 156 P. 130; Wirta v. North ButteMin. Co., 64 Mont. 279, at 287, 288 and 291, 30 A.L.R. 964, 210 P. 332; Bruce v. McAdoo, 65 Mont. 275, 211 P. 772.)
The doctrine of ejusdem generis has no application to section 3095 of our Code, for the reason that as held by this court and all the authorities that doctrine does not apply where the specific words of a statute signify subjects greatly different from one another or where the specific words embrace all objects of their class. (36 Cyc. 1120; State v. Woodman,26 Mont. 348, 356, 67 P. 1118; State v. Cave, 20 Mont. 468,476, 52 P. 200; Darius v. Apostolos, 68 Colo. 323, 10 A.L.R. 986, 988, 190 P. 510; see, also, Glidewell v. MurrayLacey Co., 124 Va. 563, 4 A.L.R. 225, 98 S.E. 665; 25 R.C.L. 998; 2 Lewis' Sutherland on Statutory Construction, 2d ed., p. 832.)
It has been generally held that under a statute like ours, providing that no person under sixteen years of age shall be employed in any occupation nor in any place dangerous or injurious *Page 59 
to life, limb, health or morals, and providing a penalty for a violation of such provisions, the question of whether a particular occupation is dangerous, within the meaning of such a statute, in a civil action is a question of fact for the jury. (Casteel v. Pittsburg Vitrified Pav. Brick Co.,83 Kan. 533, 112 P. 145; Braasch v. Michigan Stove Co., 153 Mich. 652, 20 L.R.A. (n.s.) 500, 118 N.W. 366; Hankins v. Reimers,86 Neb. 307, 125 N.W. 516; Frank Unnewehr Co. v. Standard Life A. Ins. Co., 176 Fed. 16, 99 C.C.A. 490, and cases cited there; Virginia Iron C. Co. v. Tomlinson's Admr., 104 Va. 249, 51 S.E. 362, see, also, Stevens v. Elliott, 36 Mont. 92,92 P. 45; Johnson v. Chicago etc. Ry., 71 Mont. 396,230 P. 52; Forquer v. North, 42 Mont. 281, 112 P. 439;Stewart v. Stone Webster, 44 Mont. 170, 119 P. 568;Forquer v. Slater Brick Co., 37 Mont. 454, 97 P. 843.)
An infant is not bound by his release during minority of his cause of action to recover damages for a personal injury, since it is conclusively presumed that he has not the mental capacity and discretion to protect himself from the artful designs of adults. (Chicago, R.I. P.R. Co. v. Lee, 92 Fed. 318, 34 C.C.A. 365; Ware v. Cartledge, 24 Ala. 622, 60 Am. Dec. 489;Atchison, T. S.F.R. Co. v. Elder, 149 Ill. 173,36 N.E. 565; Interstate Coal Co. v. Love, 153 Ky. 323, 155 S.W. 746;Palmer v. Conant, 58 Hun, 333, 11 N.Y. Supp. 917; Hollinger
v. York R. Co., 225 Pa. 419, 17 Ann. Cas. 571, 74 A. 344;Young v. West Virginia C. P.R. Co., 42 W. Va. 112,24 S.E. 615.)
In the following cases, courts have held that the execution of an agreement for a settlement under the Compensation Act, and the receipt of payments under the Act, does not bar an action at common law, regardless of the fact that the consideration is not restored or tendered, but that it was proper for the jury to take into consideration the payments made under the Compensation Act in computing the damages: Wlock v. Fort Dummer Mills, 98 Vt. 449,129 A. 311; Clinchfield Coal Co. v. Couch, 127 Va. 634, 13 A.L.R. 398, 104 S.E. 802; Manning v. American ClothingCo., 147 Tenn. 274, *Page 60 247 S.W. 103; Grand Rapids Trust Co. v. Peterson Beverage Co.,219 Mich. 208, 189 N.W. 186; see, also, annotation, 13 A.L.R. 402.
Plaintiff having been employed by appellant in violation of Child Labor Law, his remedy is not embraced within the Compensation Act. The contractual relation of master and servant cannot exist where the subject of contract creates a violation of law. We assert that the Workmen's Compensation Act as in force at the time of this injury did not and could not embrace any work that was not performed under a valid contract of employment and that the Workmen's Compensation Act can only apply to those occupations which are lawful, and which occupations create the relation of master and servant arising out of contract. The relation of master and servant arises only out of contract, and the contract must be lawful and not contravene public policy. (26 Cyc. 968; Rock Island Coal Co. v. Gilliam, 89 Okla. 49,213 P. 833; Hetzel v. Wasson Piston Ring Co., 89 N.J.L. 205, L.R.A. 1917D, 75, 98 A. 306; Zurasky v. Handycap Co., 210 Ill. App.? 254; Re Stoner, 74 Ind. App. 324, 128 N.E. 938;Westerlund v. Kettle River Co., 137 Minn. 24, 162 N.W. 680, 15 N.C.C.A. 720; Lincoln v. National Tube Co., 268 Pa. 504,112 A. 73; Manning v. American Clothing Co., 147 Tenn. 274,247 S.W. 103; Waterman Lumber Co. v. Beatty (Tex.Civ.App.),204 S.W. 448; affirmed in 110 Tex. 225, 218 S.W. 363.) We do not contend that a minor who was employed in work that was not in violation of the law would not be within the Compensation Act, but the Montana Compensation Act does not in any place (at the time of the injury) recognize the employment of minors in any occupation that violates the statute.
The plaintiff having been employed by the appellant in violation of a statute, appellant is guilty of negligence perse, and no other showing of negligence is necessary to warrant a recovery than to show that such negligence was the proximate cause of the injury. (Westlake v. Keating Gold Min. Co.,48 Mont. 128, 136 P. 38; Fallon v. Chicago, M. S.P. Ry. *Page 61 Co., 61 Mont. 130, 200 P. 453; Knott v. Pepper, 74 Mont. 236,239 P. 1037.)
The Child Labor Law is constitutional, and in any event is enforceable as a remedial statute used to enforce a civil right. In advancing the argument that section 3095 of the Revised Codes of 1921, in so far as its general provision is concerned, is so indefinite and uncertain as to be unenforceable, appellant seeks to have the statute construed strictly as a penal statute. We are enforcing a civil right in this action and are entitled to a different construction than if the law was being enforced as a penal statute. This question has been settled by this court as well as most of the courts of the United States. It has been before our court several times. (John v. Northern Pacific Ry.Co., 42 Mont. 42, 111 P. 632; State v. State Board ofExaminers, 74 Mont. 1, 238 P. 316; State ex rel. Lyman v.Stewart, 58 Mont. 1, 190 P. 129; Conway v. Monidah Trust,47 Mont. 269, 278, 132 P. 26.)
A statute so vague and indefinite that it is not susceptible of enforcement as a penal statute may nevertheless be sufficient as a remedial statute imposing a civil duty so as to render its violation negligence per se. (Solan Billings v. Pasche
(Tex.), 153 S.W. 672; 2 Lewis' Sutherland on Statutory Construction, 2d ed., sec. 517.)
In Ann. Cas. 1913E, 340, it is said: "Under a statute prohibiting the employment of children in places of danger to life and limb, it seems that the question whether a particular place is dangerous is ordinarily one of fact. * * * The tendency seems to be to construe such statutes liberally so as to carry out the purpose of the legislation, which is to promote the safety of minors." (15 Ann. Cas. 474, note; see, also, Starnes
v. Albion Mfg. Co., 147 N.C. 556, 15 Ann. Cas. 472, 17 L.R.A. (n.s.) 602, 61 S.E. 525.)
The California Child Labor Act is very similar to ours in that it prohibits work in any occupation that is injurious to the health or dangerous to the life or limb of a child. (Secs. 272, 370, Part I, Penal Code, Kerr's Cyc. Code.) This Act has been held to be constitutional. (Ex parte Weber, 149 Cal. 392, *Page 62 86 P. 809; Ex parte Spencer, 149 Cal. 396, 117 Am. St. Rep. 137, 9 Ann. Cas. 1105, 86 P. 896.)
In 1924 the defendant was constructing a line to be used in the transmission of electric power and employed plaintiff, then under sixteen years of age. The particular purpose for which plaintiff was employed was to drive a team and with the team drag logs cut on the right of way for the line off the right of way, and to drag and distribute for use along the line electric light poles. He was dragging off the right of way a log when he was told by the foreman in charge of the work to return to the place where they were then trimming a tree for another load. Obedient to this instruction, he came back to the place, but left his team standing and walked some twenty or thirty feet and leaned up against the butt end of the tree which was then being trimmed. The butt end of the tree was resting upon the stump and the other end was lying on the ground. The plaintiff had been in the position voluntarily taken by him when a limb supporting the tree in its position was cut off and the trunk of the tree rolled, causing the butt end to leave the stump, and the trunk of the tree knocked the plaintiff down and rolled on to him, causing injuries to recover for which this action is prosecuted.
At the time of the employment of the plaintiff, defendant knew that he was under the age of sixteen years. For the injuries sustained by plaintiff, the defendant, with the written consent of plaintiff's father and mother, paid direct to plaintiff and plaintiff accepted and receipted for all payments due under Compensation Plan No. 1 of the Workmen's Compensation Act of the State of Montana (Rev. Codes 1921, sec. 2970 et seq.). Thereafter plaintiff filed the complaint in this case, in which he alleges that while plaintiff was so employed by the defendant he was directed by the foreman to stand by with his team while the foreman and another man, also employed *Page 63 
by the defendant, were cutting off a limb of a tree, and to hold himself in readiness with his team to haul away the logs cut by the defendant, and, while standing at his place of employment, he stood in close proximity to the trunk of a tree, one end of which was lying on a stump, having been severed from the stump, and the other end of which tree was lying on the ground, when a limb of the tree was severed from the trunk, depriving the trunk of its support, and the trunk immediately rolled off the stump and over and against the plaintiff. He further alleges that the defendant, well knowing that he was in the place where he was and subject to the danger of being injured by the fall of said tree and the rolling of the same on the ground, wholly failed and neglected to warn the plaintiff of his danger and to explain the danger to him to which he was subject by being in said place, and that the injuries were received by plaintiff as a direct result of, and were caused solely by, the negligence of the defendant in failing to warn the plaintiff of the danger incident to his employment.
Plaintiff alleges that defendant at all times well knew that plaintiff was under the age of sixteen years, and that the work for which he was employed, and the manner in which the work was done, and the tools and appliances used in connection with said work, were dangerous in character, and during the whole of said employment the defendant employed the plaintiff in violation of the terms of section 3095 of the Revised Codes of Montana of 1921, and other laws of the state of Montana relating to employment of child labor, and employed the plaintiff without an age certificate as required by the provisions of section 3098 of the Revised Codes, and that by reason of the fact that plaintiff was unlawfully employed by the defendant, the plaintiff was not and is not subject to the provisions of the Workmen's Compensation Act of the state of Montana, or bound thereby, and elects to bring this action at law to recover damages for his injuries hereinbefore complained of. *Page 64 
A trial resulted in a verdict for plaintiff, and defendant prosecutes this appeal from the judgment entered in accordance with the verdict.
It is first necessary to consider whether or not the[1, 2] employment of plaintiff by defendant was a violation of section 3095, Revised Codes of 1921, known as our Child Labor Law. So far as it is material here, the section reads as follows: "Any person * * * who shall knowingly employ or permit to be employed any child under the age of sixteen years, to render or perform any service or labor * * * in, on, or about any mine, mill, smelter, workshop, factory, steam, electric, hydraulic, or compressed-air railroad, or passenger or freight elevator, or where any machinery is operated * * * or in any occupation not herein enumerated which is known to be dangerous * * * shall be guilty of a misdemeanor and punishable as hereinafter provided."
Clearly, if the employment of plaintiff was a violation of this law, it is by reason of the provision "or in any occupation not herein enumerated which is known to be dangerous," for the occupation of constructing a power line is not one specifically enumerated. Defendant asserts that the rule of ejusdem generis
must be applied in construing this statute, and the occupation in which the plaintiff was employed, not being of the same kind and character as those specifically enumerated, does not come within the purview of the general clause. The rule ejusdem generis is only a rule intended to aid the court in arriving at the intention of the legislature and cannot be invoked where its application would result in a disregard of plain and unambiguous language used in the statute. In this instance to apply the rule would be to refuse to give to the words "not herein enumerated" any effect. They would be surplusage, and the general clause would have the same meaning if it read, "or in any occupation known to be dangerous." Our conclusion is that by the general clause a separate class of occupations is designated, independent of and in addition to those specifically named, in which the employment under *Page 65 
the age of sixteen years is an offense, unless it is void, as insisted by defendant, because uncertain.
The statute is penal rather than remedial. In section 336,[3] Lewis' Sutherland on Statutory Construction, second edition, the author says: "Remedial statutes are such as the name implies, embracing a great variety of detail; those enacted to afford a remedy, or to improve or facilitate remedies existing for the enforcement of right and the redress of injuries; and also those intended for the correction of defects, mistakes and omissions in the civil institutions and administrative policies of the state."
The statute under consideration creates a misdemeanor and provides for its punishment. Omitting the provision denominating the act of employing a child under sixteen years of age in the occupations enumerated a misdemeanor, and the section prescribing the punishment, section 3095 is barren of meaning. It would be a useless collection of words.
"Penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American Constitutions, the executive of the state has the power to pardon." (Huntington v. Attrill,146 U.S. 657, 36 L.Ed. 1123, 13 Sup. Ct. Rep. 224.)
Evidently the legislature considered the question of the employment of children under sixteen years of age in certain occupations as an injury to the public, and therefore denounced it as a misdemeanor and punishable as such, although injury might not result to any particular individual; the idea of the infliction of the punishment being for the public good, and to deter others from the commission of the offense.
What is the meaning of "any occupation * * * known to be[4-6] dangerous"? "Occupation" is synonymous with calling, trade, business, or profession, and in order to come within the class created must be such as is "known to be dangerous," not to an individual but to the public in general. It must be commonly reputed to be considered dangerous by the public. There are very few, if any, industrial pursuits but what, at times, a person working in that occupation, owing *Page 66 
to the then condition, is working in a dangerous place, and at work that is dangerous, but that does not create the "occupation" one known to be dangerous. A child employed in a kitchen of a private home might be working under conditions, and owing to the then surroundings, at dangerous work in a dangerous place, but it would hardly be asserted that the "occupation" was one known to be dangerous. Evidence that an accident happened and as to the particular conditions under which the work was being done, and as to the place where the one injured was working, could not establish the fact that the occupation was one known to be dangerous, because if it could be so established, we know of few occupations in the field of industry which could not at times be classified as occupations known to be dangerous.
Neither can the court take judicial notice of the fact — if it is a fact — that the plaintiff was employed in an occupation known to be dangerous. The only method by which this fact might be established would be by calling witnesses to testify as to whether or not the particular occupation was generally known to be, and recognized by the public as, a dangerous occupation, and submit the question to the jury for its determination. It would follow that in one prosecution an occupation would be declared to be known to be dangerous and the employment of a child under sixteen years a crime, while in another prosecution, being conducted at the same time, the same occupation would be declared to be not one known to be dangerous and the employment not a crime. Dependent upon the public knowledge or understanding, it would be a crime in one part of the state to employ a child under the age of sixteen years in a given occupation, which in another locality in the state it would not be a crime. A child might be employed, and no crime committed, because the occupation at the time was not known by the public to be dangerous, but thereafter, the occupation becoming known as a dangerous occupation, and the child still being employed, a crime would be committed. *Page 67 
Whether or not an act is a crime cannot be made dependent upon what an individual or any number of persons may think. It cannot be left to a jury to create a crime or designate some acts as crimes and other acts as not criminal. This is a duty that must be left to the legislature. The submission to a jury of the determination of the question of whether or not an occupation is known to be dangerous and, therefore, the employment of a child therein a crime, would make it impossible for one desiring to give a child under the age of sixteen years employment to know whether or not in doing so he would be committing a crime. "Laws[7] which create crime ought to be so explicit that all men subject to their penalties may know what acts * * * to avoid." (United States v. Brewer, 139 U.S. 278, 25 L.Ed. 190,11 Sup. Ct. Rep. 538.) "In order to constitute a crime, the act must be one which the party is able to know in advance whether it is criminal or not. The criminality of an act cannot depend upon whether a jury may think it reasonable or unreasonable. There must be some definiteness and certainty." (Tozer v. UnitedStates (C.C.), 52 Fed. 917.) "If the legislature undertakes to define by statute a new offense, and provide for its punishment, it should express its will in language that need not deceive the common mind. Every man should be able to know with certainty when he is committing a crime." (United States v. Reese,92 U.S. 214, 23 L.Ed. 563.)
A prosecution for a violation of section 3095, Revised Codes of 1921, based upon the employment of plaintiff by the defendant, could not have been maintained. Had application been made to the court for leave to file an information, it would have been the duty of the court to refuse to permit the filing and, if filed, upon proper objection, the cause would have been dismissed. A crime was not committed by the employment.
This conclusion renders the other questions presented immaterial, and it is unnecessary to pass upon the same. *Page 68 
Cause remanded with direction to enter judgment of dismissal.
Remanded with direction to dismiss.
MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.
Rehearing denied May 6, 1927.